IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern Dist...
FIL...
MAY 0 3 2004
Michael N. Milby
Clerk of Court

| | |
|---|---|
| ESSEX INSURANCE COMPANY, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| VS. § | CIVIL ACTION NO. B-04-079 |
| § | |
| AMBERJACK'S BAR & GRILL, INC. § | |
| and DANNY GHILAIN TRUST, § | |
| § | |
| *Defendants.* § | |

## COMPLAINT FOR DECLARATORY RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Essex Insurance Company, and files its Original Complaint for Declaratory Relief seeking construction of a certain insurance policy issued to Amberjack's Bar & Grill, Inc. and Danny Ghilan[sic] Trust, Defendants, and seeking declaration that Essex has no coverage for and no duty to defend Daniel B. Ghilain and Leeanne Ghilain in a lawsuit styled *Judy Lemmons v. Daniel B. Ghilain and Leeanne Ghilain*, currently pending in the 357th Judicial District Court of Cameron County, Texas, Cause Number 2004-01-536-E. A true and correct copy of Plaintiff's Original Petition from the underlying lawsuit is attached hereto as Exhibit "A."

## PARTIES

1. Essex Insurance Company is a foreign insurance corporation who issued and delivered a commercial liability policy of insurance in the State of Texas and in this district pursuant to the Texas Insurance Code.

2. Amberjack's Bar & Grill, Inc. is a corporation conducting business in the State of Texas and in this district and may be served with process through its registered agent for service of process, Daniel B. Ghilain, 209 W. Whiting, South Padre Island, Texas 78597.

3. The Danny Ghilan Trust may also be served with process through Daniel B. Ghilain, 209 W. Whiting, South Padre Island, Texas 78597.

## VENUE

4. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391 because Defendant resides in this Judicial District and because a substantial part of the events or omissions giving rise to this suit occurred in this Judicial District.

## JURISDICTION

5. This Court has jurisdiction pursuant to 28 U.S.C. § 2201, more particularly known as the Declaratory Judgments Act.

## FACTS

6. Essex would show that on or about March 4, 2002, a policy of insurance written by Essex became effective wherein Amberjack's Bar & Grill, Inc. and Danny Ghilan[*sic*] Trust were the named insureds under Commercial General Liability Policy No. 3CD8594. A true and correct copy of the policy is attached hereto as Exhibit "B" and incorporated herein for all purposes.

7. Essex would show that, on or about January 30, 2004, Judy Lemmons filed Plaintiff's Original Petition in the underlying lawsuit bringing claims of slander per se against Daniel B. Ghilain and Leeanne Ghilain. *See* Exhibit "A." Lemmons alleges that Daniel Ghilain and Leeanne Ghilain published defamatory statements about her to third parties. Specifically, Lemmons, the in-house bookkeeper for Amberjack's Bar & Grill, Inc., pleads that the Ghilains

stated, "[Lemmons has] embezzled quite a lot of money to the tune of $200,000.00 from Amberjack's."

8. A real controversy has arisen and now exists between Essex and the Ghilains. The Ghilains have requested that Essex defend and indemnify them in the underlying lawsuit pursuant to the terms of the policy written by Essex. Essex desires that this Court declare the rights and duties of the parties under this policy.

9. Essex would show the Court that the referenced insurance policy excludes coverage for the claims asserted in the underlying lawsuit. Specifically, the relevant portions of the policy are:

COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

   * * *

   b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

2. **Exclusions**

   This insurance does not apply to:

   a. "Personal and advertising injury":

      (1) Caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury";

      (2) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

(3)  Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period;

\* \* \*

**SECTION V – DEFINITIONS**

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    d.  Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services:

\* \* \*

### COMBINATION GENERAL ENDORSEMENT

3.  Employment-Related Practices Exclusion is added to Coverages A and B, Section 1, Commercial General Liability Coverage Form and to any other coverage under this policy as follows: Employment-Related Practices regardless of allegations are not covered under this policy nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same, including but not limited to:

\* \* \*

    (B)  Discrimination, coercion, demotion, evaluation, reassignment, discipline, defamation, harassment in any form, humiliation or other employment-related practices, policies, acts or omissions; or

10. Based on the foregoing sections of the insurance policy and the allegations contained in the pleadings of the underlying lawsuit, Essex asserts that is has no duty to defend or indemnify Daniel B. Ghilain and Leeanne Ghilain in the underlying suit. The clear and unambiguous terms, conditions and exclusions of the subject policy make clear that the policy does not apply. *See* Exhibit "B."

### **PRAYER**

Essex prays that Amberjack's Bar & Grill, Inc. and Danny Ghilain Trust be cited to appear and answer and, upon final trial, that Essex have judgment as follows:

a. Declaration that the policy of insurance attached as Exhibit "B" provides no coverage for and no duty on behalf of Essex to defend Daniel B. Ghilain or Leeanne Ghilain in the underlying lawsuit styled *Judy Lemmons v. Daniel B. Ghilain and Leeanne Ghilain*, pending in the 357th Judicial District Court of Cameron County, Texas, Cause Number 2004-01-536-E;

b. Awarding Essex its reasonable and necessary attorneys' fees and costs of court incurred in this cause; and

c. Such other and further relief, both special and general, at law and in equity, to which it may show itself justly entitled.

Respectfully submitted,

*[signature]*

James M. Tompkins (Attorney-in-Charge)
Federal I.D. No. 15800
State Bar No. 00785534
Mary Lou Mauro
Federal ID No. 29682
State Bar No. 13238520

OF COUNSEL:

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
3555 Timmons Lane, Suite 1225
Houston, Texas 77027
(713) 599-0700
(713) 599-0777 – facsimile

ATTORNEYS FOR PLAINTIFF
ESSEX INSURANCE COMPANY