IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ESSEX INSURANCE COMPANY | § § § | |
| VS. | § § § | CIVIL ACTION NO. B-04-079 |
| AMBERJACK'S BAR & GRILL, INC.<br>AND DANNY GHILAIN TRUST | § § | |

### DEFENDANTS' ORIGINAL ANSWER AND COUNTER-CLAIM FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, AMBERJACK'S BAR & GRILL, INC., and DANNY GHILAIN TRUST, file this their Original Answer to Plaintiff's Complaint for Declaratory Relief and their Counter-Claim for Declaratory Judgment and would show the Court the following:

### DENIALS AND COUNTER-CLAIM

**1.**

No admission or denial is necessary to Paragraph 1. of Plaintiff's Complaint for Declaratory Relief.

**2.**

We admit Paragraph 2 of Plaintiff's Complaint for Declaratory Relief.

**3.**

We admit Paragraph 3 of Plaintiff's Complaint for Declaratory Relief.

**4.**

We admit Paragraph 4 of Plaintiff's Complaint for Declaratory Relief.

**5.**

These Defendants admit that Plaintiff is making claims under 28 U.S.C. §2201 under Paragraph 5 of Plaintiff's Complaint for Declaratory Relief.

**6.**

These Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint for Declaratory Relief.

**7.**

These Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Complaint for Declaratory Relief.

**8.**

These Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint for Declaratory Relief, and ask the Court to declare that ESSEX INSURANCE COMPANY has a duty to defend them and indemnify them under the subject insurance policy for the subject lawsuit.

**9.**

These Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint for Declaratory Relief.

**10.**

These Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint for Declaratory Relief.

**11.**

These Defendants deny the allegations contained in the Prayer of Plaintiff's Complaint for Declaratory Relief.

**12.**

Defendants have requested defense under the policy with Essex Insurance Company with respect to the lawsuit filed against them, styled *Judy Lemmons v. Daniel B. Ghilain and Leeanne Ghilain*, pending in the 357th Judicial District Court of Cameron County, Texas, being Cause No. 2004-01-536-E. To this date, Plaintiff has refused to provide a defense or acknowledge coverage for any or all of the allegations in the *Lemmons* lawsuit.

On May 12, 2004, in the above underlying case, *Judy Lemmons* filed her First Amended Petition, attached hereto as Exhibit "A," clearly stating that the actions alleged occurred during the policy period with Essex Insurance Company. The alleged dates are after the end of the employment relationship between Plaintiff and Defendants in the underlying case.

**13.**

Defendants have been forced to retain the firm of Roerig, Oliveira & Fisher, L.L.P., to defend them in this action and have agreed to pay the firm reasonable and necessary attorney's fees. An award of reasonable and necessary attorney's fees to Defendants would be equitable and just

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, these Defendants pray that Defendants have judgment as follows:

a. Declaration that the policy of insurance attached as Exhibit "B" to Plaintiff's Complaint for Declaratory Relief provides coverage for and the duty to defend Daniel B. Ghilain and Leeanne Ghilain in the underlying lawsuit styled *Judy Lemmons v. Daniel B. Ghilain and Leeanne Ghilain*, pending in the 357th Judicial District Court of Cameron County, Texas, being Cause No. 2004-01-536-E.

   b. Awarding Defendants their reasonable and necessary attorney's fees and costs of court in defending this suit.

   c. Such other and further relief, both special and general, at law and in equity, to which these Defendants may be entitled.

Respectfully submitted,

ROERIG, OLIVEIRA, & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016 (Fax)

BY: _____
JEFFREY D. ROERIG
Federal ID #1503
State Bar #17161700

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendants' Original Answer has been mailed, Certified Mail No. 7160 3901 9848 1268 3419, Return Receipt Requested, to the Attorney for Plaintiff, as follows:

Mr. James M. Tompkins
Ms. Mary Lou Mauro
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
3555 Timmons Lane, Suite 1225
Houston, TX 77027

on this 26th day of May, 2004.

_____
JEFFREY D. ROERIG

CAUSE NO. 2004-01-00536-E

FILED 9:30 O'CLOCK A M
AURORA DE LA GARZA DIST. CLERK
MAY 1 2 2004
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

COPY FOR JR

| | | |
|---|---|---|
| JUDY LEMMONS | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| VS | § | |
| | § | 357TH JUDICIAL DISTRICT |
| | § | |
| DANIEL B. GHILAIN | § | |
| LEEANNE GHILAIN | § | |
| DEFENDANTS | § | CAMERON COUNTY, TEXAS |

### PLAINTIFF'S FIRST AMENDED PETITION

TO THE JUDGE OF SAID HONORABLE COURT

NOW COMES Plaintiff JUDY LEMMONS and files this her PLAINTIFF'S FIRST AMENDED PETITION complaining of DANIEL B. GHILAIN AND LEEANNE GHILAIN, Defendants, and for cause Plaintiff would show:

1. Plaintiff Judy Lemmons is a resident of Cameron County, Texas; Defendants Ghilain are residents of Cameron County, Texas residing on South Padre Island and may be reached for service at 209 West Amberjack, South Padre Island, Cameron County, Texas. Plaintiff alleges discovery shall be conducted under Level 3, Rule 190.4, Texas Rules of Civil Procedure. Defendants have answered and no service is necessary at this time.

2. Plaintiff alleges that Defendants Ghilain have stated to third parties that Plaintiff "embezzled quite a lot of money to the tune of $200,000.00 from Amberjacks". These statements (in various forms) were made to numerous individuals, the sum total of which Plaintiff is unaware. Plaintiff would allege that slanderous statements known by Plaintiff and made by the Defendants as follows:

   a. Defendant Daniel B. Ghilain published a statement "that criminal charges were going to be filed against Judy Lemmons because of her embezzlement from Amberjacks". This statement was


EXHIBIT A

04-754 Judy Lemmons First Amended Petition 05/05/04rwa

made on or about January 29th 2003.

    b.    Defendant LeeAnne Ghilain published a statement to a third person "that the rumor was true that Judy Lemmons had taken $200,000.00 dollars". This statement was published on or about the first day of March 2003, in Cameron County Texas.

    c.    Defendant LeeAnne Ghilain published a statement to a third person "that the rumor was true and she was shocked at how much Judy stole". This statement was published on or about April 10th 2004, in Cameron County, Texas.

3.    The statements by themselves constitute **slander per se** as they directly or by innuendo accuse the Plaintiff of criminal acts. The statement made by Defendants are statutory slander because they tend to injure Plaintiffs reputation and expose Plaintiff to public hatred, contempt, ridicule, and financial injury and impeach the honesty and integrity of the Plaintiff.

4.    Defendants Ghilain and each of them published the defamatory statements set out above to third parties within the community of South Padre Island, Cameron County, Texas and to others unknown to Plaintiff. The persons who overheard the statements understood the statement to be defamatory in the manner described above. Furthermore the persons who heard the statements understood that they referred directly to the Plaintiff, and the statements were repeated by others as gossip and thought to be true by those who overheard the rumors. Plaintiff's damages include mental anguish, pain and suffering, medical expenses incurred in the past and reasonably anticipated in the future, loss of consortium, loss of reputation, humiliation, and expenses reasonable and necessary to relocate from South Padre Island, Texas. Plaintiff seeks damages in the amount of Two Million Dollars ($2,000,000.00).

5.    The defamatory statements set forth above are false. The truth is that Defendants purchased Plaintiff's interest in a corporation which owned a restaurant known as "Amberjacks". Plaintiff was the in-house bookkeeper and maintained the accounts payables, accounts receivable, marketing, payroll and group sales for the partnership, Amberjacks Bar and Grill, Inc. Defendant LeeAnne Ghilain disliked Plaintiff personally and refused to speak to Plaintiff and wished to discredit Plaintiff. Plaintiff believes

that Defendants harbored ill feelings, for Plaintiff for several years before Plaintiff's interest was purchased.

6.  The Defendants publication of the defamatory statements are not privileged; Defendants and each of them have published the defamatory statements with malice and have or should have had substantial grounds for knowing that they are false and published the statements with reckless disregard to the truth of such statements. Plaintiff requests punitive damages in an amount in excess of the jurisdictional limits of the court. Plaintiff further requests the issuance of a permanent injunction enjoining the Defendants and each of them from publishing unprivileged slanderous or otherwise defamatory statements concerning the Plaintiff in the future.

**WHEREFORE PREMISES** considered, Plaintiff requests that Defendants be cited to appear and that upon hearing hereof that Plaintiff have judgment against the Defendants jointly and severally, for damages in the amount of Two Million ($2,000.000.00), punitive damages, the issuance of a permanent injunction, prejudgment interest, post judgment interest, costs of court and general relief.

                              RESPECTFULLY SUBMITTED,

                              R.W. ARMSTRONG
                              Attorney At Law
                              2600 Old Alice Road Ste A
                              Brownsville Texas 78521
                              Tel:    (956) 546 5556
                              Fax:   (956) 546 0470

                              _____
                              R. W. ARMSTRONG