IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 4 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ESSEX INSURANCE COMPANY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-04-079 |
| | § | |
| AMBERJACK'S BAR & GRILL, INC. | § | |
| and DANNY GHILAIN TRUST, | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Essex Insurance Company moves the Court for summary judgment, as follows:

**ISSUE STATEMENT**

Whether Essex has a duty to defend and/or indemnify Daniel Ghilain and Leeanne Ghilain pursuant to a comprehensive general liability policy for claims asserted by Judy Lemmons in an underlying lawsuit alleging publication of defamatory remarks.

**SUMMARY OF ARGUMENT**

Essex is entitled to summary judgment because it has no duty to defend or indemnify Daniel Ghilain or Leeanne Ghilain against allegations of defamation asserted by Judy Lemmons, a former in-house bookkeeper. The relevant policy includes an endorsement excluding allegations arising out of employment-related practices.

**I.     BACKGROUND**

1.      On or about March 4, 2002, Essex issued a Commercial General Liability Policy of Insurance, No. 3CD8594, Amberjack's Bar & Grill, Inc. and Danny Ghilan [*sic*] Trust, covering the period March 4, 2002 to March 4, 2003. A true and correct copy of the policy is

attached to this Motion as Exhibit "A." Thereafter, on or about January 30, 2004, Judy Lemmons filed suit against Daniel B. Ghilain and Leeanne Ghilain alleging defamation and slander in a lawsuit styled *Judy Lemmons v. Daniel B. Ghilain and Leeanne Ghilain*, currently pending in the 357th Judicial District Court in Cameron County, Texas, Cause Number 2004-01-00536-E. A true and correct copy of Plaintiff Judy Lemmons' Original Petition is attached to this Motion and incorporated herein as if set forth in full as Exhibit "B." Subsequently, Lemmons amended her pleadings filing Plaintiff's First Amended Petition. A true and correct copy of that pleading is attached as Exhibit "C."

2. Essex asserts that it is entitled to summary judgment as a matter of law on its claim of no duty to defend and/or indemnify Daniel B. Ghilain and Leeanne Ghilain in the underlying lawsuit because the allegations in the underlying lawsuit arise out of employment-related practices. Pursuant to the terms, conditions and exclusions of the applicable policy of insurance, the policy does not cover employment-related practices, including defamation. See, Exhibit "A-pg. 010." There are no genuine issues of material fact and Essex is entitled to summary judgment as a matter of law.

## II. EVIDENCE

3. Essex relies upon the pleadings and discovery, if any, on file with this Honorable Court and the following as support for its Motion for Summary Judgment, each Exhibit incorporated herein as if set forth in full:

| | |
|---|---|
| Exhibit "A" - | Policy of Insurance between Essex and Amberjack's Bar & Grill, Inc. and Daniel B. Ghilan [sic] Trust [Pages 001–047] |
| Exhibit "B" - | Plaintiff Judy Lemmons' Original Petition |
| Exhibit "C" - | Plaintiff Judy Lemmons' First Amended Petition |

### III. RELEVANT POLICY PROVISIONS

COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. [Exhibit A-pg. 028]

   \* \* \*

   **COMBINATION GENERAL ENDORSEMENT**

3. Employment-Related Practices Exclusion is added to Coverages A and B, Section 1, Commercial General Liability Coverage Form and to any other coverage under this policy as follows: Employment-Related Practices regardless of allegations are not covered under this policy nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same, including but not limited to:

   **(B)** Discrimination, coercion, demotion, evaluation, reassignment, discipline, defamation, harassment in any form, humiliation or other employment-related practices, policies, acts or omissions; or [Exhibit A-pg. 028]

### IV. STANDARD OF REVIEW

4. Summary judgment is proper when pleadings and evidence on file, along with affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c).

5. Texas follows the "Eight Corners" rule in determining an insurer's duty to defend and requires that the analysis be limited solely to the pleadings and the insurance policy. *National Union Fire Insurance Company of Pittsburgh, PA v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997) and *Cullen/Frost Bank of Dallas, N.A. v. Commonwealth Lloyd's Insurance Company*, 852 S.W.2d 252, 255 (Tex.App. – Dallas 1993).

6. The duty to defend arises when a third-party sues the insured on allegations that, if taken as true, potentially state a cause of action within the terms of the policy. Whether the

policy covers the cause of action alleged must be determined from the contractual terms of the insurance policy. *Whatley v. City of Dallas*, 758 S.W.2d 301, 304 (Tex.App. – Dallas 1988, writ denied). If under the facts alleged, there is a prima facie showing that the claim is not covered under the policy, the insurer has no duty to defend. See, *American Guarantee and Liability Insurance Company v. Shel-Ray Underwriters, Inc.*, 844 F.Supp. 325, 329 (S.D. Texas, Houston Division 1993) citing *Holmes v. Employers Casualty Co.*, 699 S.W.2d 339, 340-41 (Tex.App. – Houston [1st Dist.] 1985, writ ref'd n.r.e.); and *Houston Petroleum Co. v. Highlands Ins. Co.*, 830 S.W.2d 153, 155 (Tex.App. – Houston [1st Dist.] 1990, writ denied).

A.  **Facts Alleged in Underlying Petition.**

7.  Lemmons, Plaintiff in the underlying lawsuit, was the in-house bookkeeper for Amberjack's Bar & Grill, Inc. She maintained the accounts payables, accounts receivables, marketing payroll and group sales. At a minimum, the partners included the Ghilains and Judy Lemmons. Since we are limited to the four corners of the Plaintiff's Petition, we cannot look to any extrinsic evidence to determine if any other partners were involved. Lemmons sold her interest in the partnership to the Ghilains. (See, Exhibit "C," Plaintiff's First Amended Petition).

8.  Lemmons alleges that the Ghilains have stated to third-parties that she "embezzled quite a lot of money to the tune of $200,000 from Amberjack's." She further alleges that Daniel Ghilain published a statement "that criminal charges were going to be filed against Judy Lemmons because of her embezzlement from Amberjack's." Leeanne is alleged to have made at least two slanderous statements. First, she allegedly stated, "the rumour was true that Judy Lemmons had taken $200,000" and second, she allegedly stated, "the rumour was true and she was shocked at how much Judy stole." (See, Exhibit "C," Plaintiff's First Amended Petition).

B.  **Coverage Issues – Advertising Injury.**

9. The relevant policy provides coverage for "bodily injury" and "property damage" that is caused by an "occurrence." (See, Exhibit "A-pg. 025"). It also provides coverage for "personal injury" and "advertising injury." (See, Exhibit "A-pg. 028"). "Personal and advertising injury" is defined under the policy as injury arising out of false arrest, detention or imprisonment; malicious prosecution; wrongful eviction; and oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services. (See, Exhibit "A-pg. 035"). The allegations made by Judy Lemmons against Danny B. Ghilain and Leeanne Ghilain in the underlying lawsuit are allegations of an advertising injury. However, the allegations in the underlying lawsuit do not trigger a duty of Essex to defend and/or indemnify the Ghilains in that lawsuit.

C.  **Coverage Issues – Employment Practices Exclusion.**

10. The relevant policy contains a Combination General Endorsement that includes an Employment-Related Practices Exclusion which applies to claims under Coverage A, or Coverage B which consists of claims for bodily injury, property damage as well as personal and advertising injury.

11. Specifically, employment-related practices "are not covered under this policy nor are any expenses, nor any obligation to share damages" arising from "defamation," harassment, or humiliation. (Emphasis added) (See, Exhibit "A-pg. 010").

12. A similar case involved underlying litigation between putative partners in *Potomac Ins. Co. v. Peppers*, 890 F.Supp. 634, 644-645, U.S. District Court, S.D. Texas, Houston Division. Potomac sought declaratory judgment that the comprehensive general liability policy issued to the insured did not cover the allegations in an underlying lawsuit.

5

Among numerous causes of action, the underlying Plaintiff sued Peppers for defamation. *Id.* at 639. The U.S. District Court found that the employment practices exclusion applied because the defamation claim was both asserted by and against individuals that were officers, directors or employees of the insured and the allegations make it clear that the defamation occurred within the context of their involvement with the insured. Since the allegations arose out of the underlying parties' respective positions, the allegations of defamation were deemed to be related to employment practices and, thus, excluded from coverage. *Id.* at 644-645.

13.     In *Lemmons v. Daniel B. Ghilain and Leeanne Ghilain*, the parties were partners in Amberjack's Bar & Grill, Inc. (the insured). Lemmons was the in-house bookkeeper and maintained the accounts payables, accounts receivable, marketing payroll and group sales. The alleged defamatory statements are clearly related to Lemmons' position as in-house bookkeeper[1] and subsequent sale of her partnership interest. Therefore, the allegations in the underlying Petition are related to employment practices and are, therefore, excluded from coverage. If there is no coverage under the policy, there is no duty to defend. *American Guarantee and Liability Insurance Company.*

## VII.   CONCLUSION

14.     Essex issued a CGL Policy to Amberjack's Bar & Grill, Inc. and Daniel B. Ghilain Trust. The policy is a standard CGL with an endorsement that excludes coverage for any expenses from any allegations arising out of employment-related practices. Since the underlying allegations are claims of defamation and are related to her position of in-house bookkeeper, coverage is excluded under the policy and Essex is entitled to summary judgment as a matter of law.

---

[1] See, *State Farm v. Adelfa Maldonado*, 935 S.W.2d 805, 811 (Tex.Civ.App. – San Antonio 1996). The Court of Appeals noted that allegations of theft against a former bookkeeper by an insured were directly related to Maldonado's position of bookkeeper and, thus, related to her employment by the insured.

## **PRAYER FOR RELIEF**

Based on the foregoing, Plaintiff Essex Insurance Company respectfully requests that the Court enter Summary Judgment in its favor and against Daniel B. Ghilain, Leeanne Ghilain and Amberjack's Bar & Grill, Inc. finding that Essex has no coverage for and no duty to defend Defendants in the underlying lawsuit styled *Judy Lemmons v. Daniel B. Ghilain and Leeanne Ghilain*, currently pending in the 357th Judicial District Court in Cameron County, Texas, Cause No. 2004-01-00536-E. Essex respectfully requests that the Court grant it all other and further relief, both special and general, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

James M. Tompkins (Attorney-in-Charge)
  Federal I.D. No. 15800
  State Bar No. 00785534
Mary Lou Mauro
  Federal ID No. 29682
  State Bar No. 13238520

OF COUNSEL:

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
3555 Timmons Lane, Suite 1225
Houston, Texas 77027
(713) 599-0700
(713) 599-0777 – facsimile

ATTORNEYS FOR PLAINTIFF
ESSEX INSURANCE COMPANY

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the foregoing has been forwarded to the following known counsel of record via certified mail, return receipt requested on this **23rd day of November, 2004.**

*[signature]*
Mary Lou Mauro

Mr. Jeffrey D. Roerig
ROERIG, OLIVEIRA & FISHER, LLP
855 W. Price Road, Suite 9
Brownsville, TX 78520
*Via CM/RRR #7003 0500 0004 9371 4126*