

ESSEX
INSURANCE
COMPANY

# INSURANCE
# POLICY

EXHIBIT
**A**

**MARKEL**

## ESSEX INSURANCE COMPANY

### COMMERCIAL LIABILITY DECLARATIONS

NEW
_____
  Renewal of Number

**Policy Number**
3CD8594

Item 1. Named Insured and Mailing Address:
AMBERJACKS BAR & GRILL, INC &
DANNY GHILAN TRUST 1993
209 W. AMBERJACK
SOUTH PADRE ISLAND, TX 78597

Item 2.  Policy Period   From: 03/04/2002     To: 03/04/2003     Term: 12 MONTHS

12:01 A.M. Standard Time at the address of the Named Insured as stated herein.

Item 3.   Retroactive Date: _____

Item 4.   Business Description: RESTAURANT & BAR

Item 5.   In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy.

This policy consists of the following coverage parts for which a premium is indicated. Where no premium is shown, there is no coverage. This premium may be subject to adjustment.

| Coverage Part(s) | Form No. and Edition Date | Premium |
|---|---|---|
| Commercial General Liability Coverage Part | | $ 16,500.00 |
| Professional Liability Coverage Part | | $ |
| POLICY FEE | | $ 250.00 |
| STATE TAX | | $ 812.38 |
| STAMPING FEE | | $ 41.88 |
| | | $ |
| | | $ |
| | | $ |

Audit Period Annual unless otherwise stated: _____   **Total** $ 17,604.26

Item 6.   Forms and endorsements applicable to all Coverage Parts: 011-1054(4-00), 011-1061(8-94)

SHOW NUMBERS

_____
_____
_____
_____

Agent Name and Address: U.S. RISK UNDERWRITERS, INC.  11200 RICHMOND AVE., #600 HOUSTON, TX 77082
Agent Number:  174550

Countersigned  05/13/2002  TT    By _____
                  DATE                        AUTHORIZED REPRESENTATIVE

THIS COMMERCIAL LIABILITY DECLARATIONS AND THE SUPPLEMENTAL DECLARATIONS,TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE FORM(S) AND ENDORSEMENTS COMPLETE THE ABOVE NUMBERED POLICY.

COMPANY

011-1056 (9-93)

**EXHIBIT A – 002**

In consideration of the payment of the P_____n, in reliance upon the statements made to _____company by application and subject to the terms set forth herein, the Company designated on the Declarations page (A Capital Stock Company), herein called the Company, AGREES with the Insured:

## COMMON POLICY CONDITIONS

All Coverage Parts included in this policy are subject to the following conditions.

**A. CANCELLATION**

1. The first Named Insured shown in the Declarations may cancel this policy by mailing or delivering to us advance written notice of cancellation.

2. We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:
   a. 10 days before the effective date of cancellation if we cancel for nonpayment of premium; or
   b. 30 days before the effective date of cancellation if we cancel for any other reason.

3. We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

4. Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

5. If this policy is cancelled, we will send the first Named Insured any premium refund due. If we cancel, the refund will be pro rata. If the first Named Insured cancels, the refund may be less than pro rata. The cancellation will be effective even if we have not made or offered a refund.

6. If notice is mailed proof of mailing will be sufficient proof of notice.

**B. CHANGES**

This policy contains all the agreements between you and us concerning the insurance afforded. The first Named Insured shown in the Declarations is authorized to make changes in the terms of this policy with our consent. This policy's terms can be amended or waived only by endorsement issued by us and made a part of this policy.

**C. EXAMINATION OF YOUR BOOKS AND RECORDS**

We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

**D. INSPECTIONS AND SURVEYS**

We have the right but are not obligated to:
1. Make inspections and surveys at any time;
2. Give you reports on the conditions we find; and
3. Recommend changes.

Any inspections, surveys, reports or recommendations relate only to insurability and the premiums to be charged. We do not make safety inspections. We do not undertake to perform the duty of any person or organization to provide for the health or safety of workers or the public.

And we do not warrant that conditions:

1. Are safe or healthful; or
2. Comply with laws, regulations, codes or standards.

This condition applies not only to us, but also to any rating, advisory, rate service or similar organization which makes insurance inspections, surveys, reports or recommendations.

**E. PREMIUMS**

The first Named Insured shown in the Declarations:
1. Is responsible for the payment of all premiums; and
2. Will be the payee for any return premiums we pay.
3. Premium shown in the Declarations was computed based on rates in effect at the time the policy was issued. On each renewal, continuation or anniversary of the effective date of this policy, we will compute the premium in accordance with our rates and rules then in effect.

**F. PREMIUMS, MINIMUM DEPOSIT AND AUDIT**

All references in this policy to minimum and/or deposit premiums and premium audits is replaced by the following, as respects casualty:

Premium shown as advanced premium is both a deposit premium and a minimum premium for the policy term. At the close of each audit period we will compute earned premium for that period. If earned is more than advance premium then the amount by which it exceeds advance premium is due and payable on notice to you. If earned is less, advance premium applies as the minimum premium with no return payable to you.

If this policy is cancelled the pro rata or short rate of the minimum and deposit premium will apply for the policy term, subject to an absolute minimum earned premium of 25% of the total advance premium, unless final audit develops greater than said 25%. If your business is a seasonable business, however, the minimum premium then becomes fully earned at the end of your season.

**G. TRANSFER OF YOUR RIGHTS AND DUTIES UNDER THIS POLICY**

Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual Named Insured.

If you die, your rights and duties will be transferred to your legal representative but only while acting within the scope of duties as your legal representative. Until your legal representative is appointed, anyone having proper temporary custody of your property will have your rights and duties but only with respect to that property.

011-1054 (Rev.4-00)                    1 of 3                    continued...
This Policy is not valid unless a Declarations Page and Coverage Form is attached.

## NUCLEAR ENERGY LIABILITY EXCLUSION

1. The insurance does not apply:

A. Under any Liability Coverage, to "bodily injury" or "property damage:"

**EXHIBIT A – 003**

(1) With respect to which an "insured" under the policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada or any of their successors, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

(2) Resulting from the "hazardous properties" of "nuclear material" and with respect to which (a) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (b) the "insured" is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

B. Under any Medical Payments coverage, to expenses Incurred with respect to "bodily injury" resulting from the "hazardous properties" of "nuclear material" and arising out of the operation of a "nuclear facility" by any person or organization.

C. Under any Liability Coverage, to "bodily injury" or "property damage" resulting from "hazardous properties" of "nuclear material," if

(1) The "nuclear material" (a) is at any "nuclear facility" owned by or operated by or on behalf of, an "insured" or (b) has been discharged or dispersed therefrom;

(2) The "nuclear material" is contained in "spent fuel" or "waste" at any time possessed, handled, used, processed, stored, transported or disposed of, by or on behalf of an "insured;" or

(3) The "bodily injury" or "property damage" arises out of the furnishing by an "insured" of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any "nuclear facility," but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (3) applies only to "property damage" to such "nuclear facility" and any property thereat.

2. As used in this endorsement

011-1054 (Rev.4-00)

"Hazardous properties" includes radioactive, toxic or explosive properties.

"Nuclear material" means "source material," "special nuclear material" or "by-product material."

"Source material," "special nuclear material," and "by-product material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof.

"Spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a "nuclear reactor."

"Waste" means any waste material (a) containing "by-product" material" other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its "source material" content, and (b) resulting from the operation by any person or organization of any "nuclear facility" included under the first two paragraphs of the definition of "nuclear facility."

"Nuclear facility" means:
(a) Any "nuclear reactor;"
(b) Any building, premises or property owned, leased, loaned or used by or on behalf of the insured where "hazardous properties", "nuclear material" or "radioactive material" is used, processed or stored or has been discharged or dispersed therefrom;
(c) Any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing "spent fuel," or (3) handling, processing or packaging "waste;"
(d) Any equipment or device used for the processing, fabricating or alloying of "special nuclear material" if at any time the total amount of such material in the custody of the "Insured" at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235;
(e) Any structure, basin, excavation, premises or place prepared or used for the storage or disposal of "waste;" and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations.

"Nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material.

"Property damage" includes all forms of radioactive contamination of property.

continued...

## SERVICE OF SUIT

It is agreed that in the event of the failure of this Company herein to pay any amount claimed to be due hereunder, this Company hereon, at the request of the Insured, will submit to the jurisdiction of any court of competent jurisdiction within the United States of America and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

It is further agreed that service of process in such suit may be made upon the Company's President, or his nominee, at 4521 Highwoods Parkway, Glen Allen, VA 23060-6148 and that in any suit instituted against any one of them upon this Policy, this Company will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

**EXHIBIT A – 004**

The above-named is authorized and dire    o accept service of process on behalf of thi.    apany in any such suit and/or upon the request of the Insured to give a written undertaking to the Insured that it or they will enter a general appearance upon this Company's behalf in the event such a suit shall be instituted.

Further, pursuant to any state, territory or district of the United States of America, which makes provision therefor, this Company hereon hereby designates the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute or his successor or successors in office, as their true and lawful attorney, upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the Insured or any beneficiary hereunder arising out of this contract of insurance and hereby designate the above-named as the person to whom the said officer is authorized to mail such process or a true copy thereof.

In Witness Whereof, we have caused this policy to be executed and attested, and, if required by state law, this policy shall not be valid unless countersigned by our authorized representative.

*Secretary*                                                                                               *President*

Includes copyrighted material of Insurance Services Office, Inc., with its permission.
Copyright. Insurance Services Office, Inc 1982, 1983

011-1054 (Rev.4-00)                                    3 of 3

**EXHIBIT A – 005**

# ESSEX INSURANCE COMPANY

4551 Cox Road, Glen Allen, Virginia 23060-3382

## IMPORTANT NOTICE

To obtain information or make a complaint:

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at:

### 1-800-252-3439

You may write the Texas Department of Insurance:

### P.O. Box 149104
### Austin, TX 78714-9104
### FAX # 512-475-1771

## PREMIUM OR CLAIM DISPUTES:

Should you have a dispute concerning your premium or about a claim, you should contact the agent first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

## ATTACH THIS NOTICE TO YOUR POLICY:

This notice is for information only and does not become a part or condition of the attached document.

SPO10-IL (07/92)

**EXHIBIT A – 006**

## TEXAS REQUIRED NOTICE

"THIS INSURANCE CONTRACT IS WITH AN INSURER NOT LICENSED TO TRANSACT INSURANCE IN THIS STATE AND IS ISSUED AND DELIVERED AS A SURPLUS LINES COVERAGE PURSUANT TO THE TEXAS INSURANCE STATUTES. THE STATE BOARD OF INSURANCE DOES NOT AUDIT THE FINANCES OR REVIEW THE SOLVENCY OF THE SURPLUS LINES INSURER PROVIDING THIS COVERAGE, AND THIS INSURER IS NOT A MEMBER OF THE PROPERTY AND CASUALTY INSURANCE GUARANTY ASSOCIATION CREATED UNDER ARTICLE 21.28-C, INSURANCE CODE. ARTICLE 1.14-2, INSURANCE CODE REQUIRES PAYMENT OF 4.85% TAX ON GROSS PREMIUM."

ESSEX INSURANCE COMPANY

**MARKEL**

# COMMERCIAL GENERAL LIABILITY COVERAGE PART
## SUPPLEMENTAL DECLARATIONS

These Supplemental Declarations form a part of policy number __3CD8594__

## LIMITS OF INSURANCE

| | |
|---|---|
| General Aggregate Limit (other than Products/Completed Operations) | $ __2,000,000__ |
| Products/Completed Operations Aggregate Limit | $ __1,000,000__ |
| Personal and Advertising Injury Limit | $ __1,000,000__ |
| Each Occurrence Limit | $ __1,000,000__ |
| Fire Damage Limit | $ __50,000__ any one fire |
| Medical Expense Limit | $ __EXCLUDED__ any one person |

## BUSINESS DESCRIPTION AND LOCATION OF PREMISES

Form of business:

☐ Individual    ☐ Joint Venture    ☐ Partnership    ☒ Organization (other than Partnership or Joint Venture)

Location of all premises you own, rent or occupy:

209 W. AMBERJACK,   SOUTH PADRE ISLAND, TX 78597

## PREMIUM

| Classification | Code No. | *Premium Basis | PR/Co | Rate All Other | Advance Premium Pr/Co | All Other |
|---|---|---|---|---|---|---|
| RESTAURANT-WITH SALES OF ALCOHOLIC BEVERAGES THAT ARE LESS THAN 75% OF THE TOTAL ANNUAL RECEIPTS OF THE RESTAURANTS-WITH NO DANCE FLOOR | 16816 | S)1763000 | INCL. | 9.359 | $ INCL. | $ 16,500.00 |

| | |
|---|---|
| *(a) Area, (c) Total Cost, (m) Admission, (p) Payroll, (s) Gross Sales, (u) Units, (o) Other | TOTAL ADVANCE PREMIUM $ 16,500.00 |

## FORMS AND ENDORSEMENTS (other than applicable forms and endorsements shown elsewhere in the policy)

Forms and endorsements applying to this Coverage Part and made part of this policy at time of issue:

011-1054(4-00), 011-1095(07-01), ME-001(4-00), ME-001A(07-01), ME-001B(07-01), ME-024(9-00), ME-030(4-99), ME-039(4-99), ME-048(4-99), ME-064(4-99), ME-067(4-99), ME-126(4-99), ME-129(4-99), ME-143(4-99), ME-155(4-99), ME-221(4-99), CG 00 01 (07-98), CG 21 35 (10-93), CG 24 07 (01-96)

THIS SUPPLEMENTAL DECLARATIONS AND THE COMMERCIAL LIABILITY DECLARATIONS, TOGETHER WITH THE COMMON POLICY CONDITIONS, COVERAGE FORM(S) AND ENDORSEMENTS COMPLETE THE ABOVE NUMBERED POLICY.

011-1061 (8-94)

COMPANY

**EXHIBIT A – 008**

**ESSEX INSURANCE COMPANY**

MARKEL

* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CD8594 | 03/04/2002 | AMBERJACKS BAR & GRILL, INC & DANNY GHILAN TRUST 1993 |

## ESSEX PRIVACY NOTICE

We collect nonpublic personal information about you from the following sources:

- Information we receive from you on applications or other forms; and/or
- Information about your transactions with us, our affiliates, or others; and/or
- Information we receive from a consumer reporting agency; and/or
- Information we receive from Inspection reports.

We do not disclose any nonpublic personal information about our customers or former customers to anyone, except as permitted by law.

We may disclose nonpublic personal information about you to the following types of third parties:

- Financial service providers, such as insurance agents and/or brokers.

We may also disclose nonpublic personal information about you to non-affiliated third parties as permitted by law.

We restrict access to nonpublic personal information about you to those employees who need to know that information to provide products or services to you. We maintain physical, electronic, and procedural safeguards that comply with federal standards to guard your nonpublic personal information.

_____/
AUTHORIZED REPRESENTATIVE        DATE

011-1095 (7/01)

**EXHIBIT A – 009**

MARKEL
EL   INSURANCE COMPANY

## COMBINATION GENERAL ENDORSEMENT

Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.

| Attached to and Forming Part of Policy No. | Effective Date of Endorsement | Issued to |
|---|---|---|
| 3CD8594 | 03/04/2002 | AMBERJACKS BAR & GRILL, INC & DANNY GHILAN TRUST 1993 |

THIS ENDORSEMENT CHANGES THE POLICY.

I.   Employer's Liability under 2. E. Exclusions, Commercial General Liability Coverage Form, Section I. - Coverage, is replaced by the following and applies throughout this policy:
This insurance does not apply to any claim, suit, cost or expense arising out of "bodily injury" to
  (1)    any employee of a Named Insured arising out of and in the course of employment or while performing duties related to the conduct of the insured's business; or
  (2)    the spouse, child, parent, brother, sister or relative of that employee as a consequence of (1).
This exclusion applies whether an Insured may be liable as an employer or in any other capacity, and/or to any obligation to share damages with or repay someone else who must pay damages because of the injury, as well as liability assumed under any "Insured Contract."
Whenever the word "employee" appears above, it shall also mean any member, associate, leased worker, temporary worker or any person or persons loaned to or volunteering services to you.

With respect to any "auto", under 2. Exclusions, g. Aircraft, Auto or Watercraft, Commercial General Liability Coverage Form, Section I. Coverages, the first paragraph is replaced by the following and applies throughout this policy:
This insurance does not apply to "bodily injury" or "property damage" arising out of, caused by or contributed to by the ownership, non-ownership, maintenance, use or entrustment to others of any "auto." Use includes operation and "loading and unloading."

II.   Employment-Related Practices Exclusion is added to Coverages A and B, Section I, Commercial General Liability Coverage Form and to any other coverage under this policy as follows:
Employment-Related Practices regardless of allegations are not covered under this policy nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same, including but not limited to:
  (A)    Refusal to employ or Termination of Employment; or
  (B)    Discrimination, coercion, demotion, evaluation, reassignment, discipline, defamation, harassment in any form, humiliation or other employment-related practices, policies, acts or omissions; or
  (C)    Consequential "Bodily Injury" or "Personal Injury" as a result or (A) and (B).

III.   Under 2. Exclusions, f. Pollution, Commercial General Liability Coverage Form, Section I. - Coverages, Pollution/environmental impairment/contamination is not covered under this policy, nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same in conjunction with occurrences arising or alleged to have arisen out of same. All liability and expense arising out of or related to any form of pollution, whether intentional or otherwise and whether or not any resulting injury, damage, devaluation, cost or expense is expected by any Insured or any other person or entity is excluded throughout this policy. All wording is replaced by the following:
  (A)    "Bodily injury," "Personal Injury," "Property Damage," or Damages for the devaluation of property, or for taking, use or acquisition or interference with the rights of others in or on property or air space, or any other type injury or expense; or
  (B)    Any loss, cost, expense, fines and/or penalties arising out of any (1) request, demand, order, governmental authority or directive or that of any private party or citizen action that any Insured, or others, test for, monitor, clean up, remove, contain, treat, detoxify or neutralize or in any way respond to or assess same the effects of pollutants, environmental impairments, contaminants or (2) any litigation or administrative procedure in which any Insured or others may be involved as a party as a result of actual, alleged or threatened discharge, dispersal, seepage, migration, release, escape or placement of pollutants, environmental impairments, contaminants into or upon land, premises, buildings, the atmosphere, any water course, body of water, aquifer or ground water, whether sudden, accidental or gradual in nature or not, and regardless of when.

COMPANY                **EXHIBIT A – 010**

Pollutants mean any solid, liquid, gaseous, fuel, lubricant, thermal, acoustic, electrical, or magnetic irritant or contaminant, including but not limited to smoke, vapor, soot, fumes, fibers, radiation, acid, alkalis, petroleums, chemicals or waste. Waste includes medical waste and all other materials to be disposed of, recycled, stored, reconditioned or reclaimed.

5.    Asbestos, Lead or Silica Dust is not covered under this policy, nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same in conjunction with occurrences arising or alleged to have arisen out of:

    (A)   "Bodily Injury," "Personal Injury," "Property Damage" or Damages of any type, arising out of the inhalation, ingestion, physical exposure to, absorption of, or toxic substances from asbestos, lead or silica dust in any form, or from any goods, products or structures containing same, or "Property Damage" or devaluation of property arising from any form of same; or

    (B)   Existence of asbestos, silica dust or lead, in any form, in occupancy or construction, or the manufacture, sale, transportation, handling, storage, disposal, or removal of same, or goods or products containing same; or

    (C)   Any supervision, instructions, recommendations, requests, warnings or advice given or which should have been given, as well as any costs, including but not limited to abatement, mitigation, removal, contain, treat, detoxify, neutralize, or disposal of same or in any way respond to or assess the effects of same.

6.    Punitive or Exemplary Damages is not covered under this policy nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same.  (Exception: This does not apply to Punitive Damages from Wrongful Death brought under Alabama's Wrongful Death Statute.)

7.    Discrimination charges, of any kind, actual and alleged, are not covered under this policy, nor any expenses or obligation to share damages with or repay another whom must pay from same.

8.    If you are a contractor, builder or developer, there is no coverage under this policy for:

    (1)   "Bodily injury," "personal injury" or "property damage" caused by acts of independent Contractors/ subcontractors contracted by you or on your behalf unless you obtain Certificates of Insurance from them providing evidence of at least like coverage and limits of liability as provided by this policy and naming you as an additional insured.

    (2)   "Bodily injury," "personal injury" or "property damage" sustained by any independent contractor/ subcontractor, or any employee, leased worker, temporary or volunteer help of  same, unless a Named Insured or employee of a Named Insured is on site, at the time of the injury or damage, and the Named Insured's actions or inactions are the direct cause of the injury or damage, or the injury or damage is directly caused by an employee of the Named Insured.

9.    Professional Liability, Malpractice, Errors, Omission, Acts of any type including rendering or failure to render any type professional service is not covered under this policy nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same, unless such coverage is specifically endorsed onto this policy.

10.   Duty to Defend:  Where there is no coverage under this policy, there is no duty to defend.

**MARKEL**

## ESSEX INSURANCE COMPANY

# ENDORSEMENT

\* *Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CD8594 | 03/04/2002 | AMBERJACKS BAR & GRILL, INC & DANNY GHILAN TRUST 1993 |

**THIS ENDORSEMENT CHANGES THE POLICY.**

## Amendment to M/E-001

It is hereby understood and agreed that Item 5 of either M/E-001(4/00) or M/E-001(4/99) is amended to read as follows:

5. Asbestos, Lead, Silica Dust, Mold, Bio-organic Growth or Mildew are not covered under this policy, nor are any expenses nor are any obligation to share damages with or repay anyone else who must pay damages from same in conjunction with occurrences arising or alleged to have arisen out of:

   (a) "Bodily Injury," "Personal Injury," "Property Damage" or Damages of any type, arising out of the inhalation, ingestion, physical exposure to, absorption of, or toxic substances from asbestos, lead, silica dust, mold, bio-organic growth or mildew in any form, or from any goods, products or structures containing same; or

   (b) Existence of asbestos, lead, silica dust, mold, bio-organic growth or mildew, in any form, in occupancy or construction, or the manufacture, sale, transportation, handling, storage, disposal, or removal of same, or goods or products containing same; or

   (c) Any supervision, instructions, recommendations, requests, or warnings or advice given or which should have been given, as well as any costs, including but not limited to abatement, mitigation, removal, containment, treatment, detoxification, neutralization, or disposal of same or in any way respond to assess the effects of same.

_____  /
AUTHORIZED REPRESENTATIVE        DATE

M/E-001A (7/01)

**EXHIBIT A – 012**

 **ESSEX INSURANCE COMPANY**

## ENDORSEMENT

* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.

| *ATTACHED TO AND FORMING PART OF POLICY NO | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CD8594 | 03/04/2002 | AMBERJACKS BAR & GRILL, INC & DANNY GHILAN TRUST 1993 |

**THIS ENDORSEMENT CHANGES THE POLICY.**

### Amendment to M/E-001

It is hereby understood and agreed that SECTION 5. EXCLUSIONS; ITEM B. of M/E-001(Rev. 4/98) is amended to read as follows:

B.    ASBESTOS, LEAD, SILICA DUST, MOLD, BIO-ORGANIC GROWTH OR MILDEW:

(1)    Inhalation, ingestion, physical exposure to, absorption or actual or alleged presence of asbestos, silica dust, lead, mold, bio-organic growth or mildew, in any form, or toxic substances from same, and including but not limited to goods, products or structures containing same, and/or

(2)    the existence of asbestos, silica dust, lead, mold, bio-organic growth or mildew in any form, in occupancy or construction, or the manufacture, sale, transportation, handling, storage, disposal, or removal of same, or goods or products containing same, and/or

(3)    any supervision, instructions, recommendations, requests, warnings or advice given or which should have been given in regard to asbestos, silica dust, lead, mold, bio-organic growth or mildew and/or

(4)    any costs, including but not limited to, abatement, mitigation, removal or disposal of asbestos, silica dust, lead, mold, bio-organic growth or mildew, paint containing lead, plumbing solder, pipes and fixtures, soil or anything containing asbestos, silica dust, lead, mold, bio-organic growth or mildew in any form, and/or

(5)    any obligation to share damages with or repay anyone else who must pay damages in connection with the above.

_____/
AUTHORIZED REPRESENTATIVE        DATE

M/E-001B (07/01)

**EXHIBIT A – 013**

**MARKEL**

## ESSEX INSURANCE COMPANY

## ASSAULT AND/OR BATTERY EXCLUSION

* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CD8594 | 03/04/2002 | AMBERJACKS BAR & GRILL, INC & DANNY GHILAN TRUST 1993 |

**THIS ENDORSEMENT CHANGES THE POLICY.**

The coverage under this policy does not apply to any claim, suit, cost or expense arising out of assault and/or battery, or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any Insured, Insured's employees, patrons or any other person. Nor does this insurance apply with respect to any charges or allegations of negligent hiring, training, placement or supervision. Furthermore, assault and/or battery includes "bodily injury" resulting from the use of reasonable force to protect persons or property. The sentence "This exclusion does not apply to 'bodily injury' resulting from the use of reasonable force to protect persons or property" is deleted from the Commercial General Liability Coverage Form, Section I, Item 2., Exclusions, a.

_____  /
AUTHORIZED REPRESENTATIVE        DATE

M/E-024 (9/00)

COMPANY        **EXHIBIT A – 014**

**MARKEL**

## ESSEX INSURANCE COMPANY

# CLASSIFICATION LIMITATION ENDORSEMENT

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CD8594 | 03/04/2002 | AMBERJACKS BAR & GRILL, INC & DANNY GHILAN TRUST 1993 |

THIS ENDORSEMENT CHANGES THE POLICY.

The coverage provided by this policy applies only to those operations specified in the application for insurance on file with the company and described under the "description" or "classification" on the declarations of the policy.

_____  /  _____

AUTHORIZED REPRESENTATIVE          DATE

M/E-030 (4/99)

COMPANY

Page 1 of 1          **EXHIBIT A – 015**

**MARKEL**   **ESSEX INSURANCE COMPANY**

# CONTRACTUAL LIABILITY LIMITATION ENDORSEMENT

*Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CD8594 | 03/04/2002 | AMBERJACKS BAR & GRILL, INC & DANNY GHILAN TRUST 1993 |

**THIS ENDORSEMENT CHANGES THE POLICY.**

Definition of "insured contract" under this policy is replaced by the following:

"Insured Contract" means any written:

1. Lease of premises; or
2. Easement agreement except in connection with construction or demolition operations on or adjacent to a railroad; or
3. Indemnification of a municipality as required by ordinance, except in connection with work for the municipality; or
4. Sidetrack agreement or any easement or license agreement in connection with vehicle or pedestrian private railroad crossings at grade; or
5. Elevator maintenance agreement.

An "Insured Contract" does not include that part of any contract or agreement that indemnifies any person or organization for damage by fire to premises rented or loaned to you.

_____   _____/_____

AUTHORIZED REPRESENTATIVE        DATE

M/E-039 (4/99)              COMPANY

**EXHIBIT A – 016**

**MARKEL**

## ES  X INSURANCE COMPANY

## DEDUCTIBLE ENDORSEMENT

\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CD8594 | 03/04/2002 | AMBERJACKS BAR & GRILL, INC & DANNY GHILAN TRUST 1993 |

**THIS ENDORSEMENT CHANGES THE POLICY.**

## SCHEDULE

| Coverage | Amount and Basis of Deductible | |
|---|---|---|
| If provided by this policy: Bodily Injury, Property Damage, Professional or Personal and Advertising Injury Liability | $ 1,000 | Per Claim |
| Exception: | $ | Per Claim |

☐ If this box is so marked, the basis of deductible is amended to apply 'on a per item per claim' property damage deductible basis.

1. Our obligation under Bodily Injury Liability, Property Damage Liability, Professional Liability, Personal and/or Advertising Injury Liability, or any other coverage under this policy, to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in the Schedule above. The deductible amount stated above shall be applicable to each claim and will include loss payments, adjustment, investigative and legal fees and costs, whether or not loss payment is involved.

2. The deductible amount stated above applies under the coverages respectively to all damages sustained by one person, or organization, as the result of any one occurrence.

3. The terms of this insurance, including those with respect to:
   (a) Our right and duty to defend any "suits" seeking those damages; and
   (b) Your duties in the event of an "occurrence," claim, or suit apply irrespective of the application of the deductible amount.

4. We may pay any part or all of the deductible amount to effect settlement of any claim or suit and, upon notification of the action taken, you shall promptly reimburse us for such part of the deductible amount as has been paid by us.

_____
AUTHORIZED REPRESENTATIVE        DATE

M/E-048 (4/99)                COMPANY        **EXHIBIT A – 017**        N/A

**E X INSURANCE COMPANY**

**MARKEL**

## DATE RELATED/DATE SENSITIVE/YEAR 2000 COMPUTER RELATED
## FAILURES AND OTHER ELECTRONIC PROBLEMS EXCLUSION

*\* Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CD8594 | 03/04/2002 | AMBERJACKS BAR & GRILL, INC & DANNY GHILAN TRUST 1993 |

THIS ENDORSEMENT CHANGES YOUR POLICY AND APPLIES TO ALL COVERAGES UNDER THIS POLICY.

Year 2000 Computer-Related, and/or all date related failure(s) or date sensitive calculations which result in failure(s) and Other Electronic Problems are not covered under this policy, nor any consequential damages resulting therefrom, nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same, as a result of

(A)   any actual or alleged failure, malfunction or inadequacy of, whether belonging to an Insured or to others, computer hardware, including microprocessors (computer chips) whether a part of any computer system or not, computer application software, computer operating systems and related software, computer networks, any other computerized or electronic equipment or components, or any other products, and any services, data or functions that directly or indirectly use or rely upon in any form or manner any of the foregoing items, due to the inability to correctly recognize, process, distinguish, interpret or accept the year 2000 and beyond dates, and/or all date related failure(s) or date sensitive calculations which result in failure(s) and

(B)   this applies as well to any advice, consultation, design, evaluation, inspection, installation, maintenance, repair, replacement or supervision provided or done by you or for you, or by an independent or sub-contractor, to determine, rectify or test for any potential or actual problems in regard to the foregoing.

This exclusion does not apply to "bodily injury" occurring on the premises insured hereunder owned by or rented to you.

AUTHORIZED REPRESENTATIVE      DATE

M/E-064 (4/99)

COMPANY

**EXHIBIT A – 018**

ESSEX INSURANCE COMPANY

MARKEL

## EMPLOYEES, LEASED WORKERS OR VOLUNTEERS ENDORSEMENT

*Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CD8594 | 03/04/2002 | AMBERJACKS BAR & GRILL, INC & DANNY GHILAN TRUST 1993 |

THIS ENDORSEMENT CHANGES THE POLICY.

The coverage under this policy does not apply to "bodily injury", "property damage", "personal injury", "advertising injury", or any injury, loss or damge to an employee, leased worker, casual labor or volunteer of any insured arising out of:

1.  And in the course of employment for which any insured may be held liable as an employer or in any other capacity;

2.  Any obligation of any insured to indemnify or contribute with another because of injury, loss or damage;

3.  Injury, loss or damage sustained by the spouse, parent, brother, sister, other relative, companion or offspring of an employee, leased worker, casual labor, or volunteer of any insured as a consequence of his employment or activity.

This exclusion applies to all causes of action including care and loss of services.

| | |
|---|---|
| | AUTHORIZED REPRESENTATIVE     DATE |

M/E-067(4/99)                    COMPANY

**EXHIBIT A – 019**

**MARKEL**

**ESSI INSURANCE COMPANY**

## LIQUOR LIABILITY EXCLUSION AMENDED

*Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CD8594 | 03/04/2002 | AMBERJACKS BAR & GRILL, INC & DANNY GHILAN TRUST 1993 |

**THIS ENDORSEMENT MODIFIES THE POLICY.**

Liquor Liability 2.c. Exclusions, Commercial General Liability Coverage Form, Section I - Coverage, is replaced by the following and applies throughout this policy:

The coverage under this policy does not apply to "bodily injury", "property damage", "personal injury", "advertising injury", or any injury, loss or damage arising out of:

1.) Causing or contributing to the intoxication of any person; and/or

2.) Furnishing alcoholic beverages to anyone under legal drinking age or under the influence of alcohol; and/or

3.) Any statute, ordinance or regulation relating to sales, gift, distribution or use of alcoholic beverages; and/or

4.) Any act or omission by any insured, any employee of any insured, patrons, members, associates, volunteers or any other persons respects providing or failing to provide transportation, detaining or failing to detain any person, or any act of assuming or not assuming responsibility for the well being, supervision or care of any person allegedly under or suspected to be under the influence of alcohol.

This exclusion applies to the entire policy.

_____   /   _____
AUTHORIZED REPRESENTATIVE                    DATE

M/E-126 (4/99)

COMPANY

**EXHIBIT A – 020**

**MARKEL**

**ES   INSURANCE COMPANY**

## MALPRACTICE & TRANSPORTATION EXCLUSION

*Entry optional if shown in the Common Policy Declarations. If no entry is shown, the effective date of the endorsement is the same as the effective date of the policy.*

| *ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 3CD8594 | 03/04/2002 | AMBERJACKS BAR & GRILL, INC & DANNY GHILAN TRUST 1993 |

**THIS ENDORSEMENT CHANGES THE POLICY.**

The coverage under this policy does not apply to "bodily injury", "property damage", "personal injury", "advertising injury", or any injury, loss or damage arising out of:

1. The rendering of or failure to render any professional service; or

2. The transportation of clients, students, employees or any other persons.

_____   /
AUTHORIZED REPRESENTATIVE      DATE

M/E-129 (4/99)                COMPANY

**EXHIBIT A – 021**