## ꞊ERTIFIED COPY



CAUSE NO. 2004-01-00536-E

| | | |
|---|---|---|
| JUDY LEMMONS | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| VS | § | 357TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| DANIEL B. GHILAIN | § | |
| LEEANNE GHILAIN | § | |
| DEFENDANTS | § | CAMERON COUNTY, TEXAS |

### PLAINTIFF'S FIRST AMENDED PETITION

TO THE JUDGE OF SAID HONORABLE COURT

**NOW COMES** Plaintiff **JUDY LEMMONS** and files this her **PLAINTIFF'S FIRST AMENDED PETITION** complaining of **DANIEL B. GHILAIN AND LEEANNE GHILAIN,** Defendants, and for cause Plaintiff would show:

1.      Plaintiff Judy Lemmons is a resident of Cameron County, Texas; Defendants Ghilain are residents of Cameron County, Texas residing on South Padre Island and may be reached for service at 209 West Amberjack, South Padre Island, Cameron County, Texas. Plaintiff alleges discovery shall be conducted under Level 3, Rule 190.4, Texas Rules of Civil Procedure. Defendants have answered and no service is necessary at this time.

2.      Plaintiff alleges that Defendants Ghilain have stated to third parties that Plaintiff "embezzled quite a lot of money to the tune of $200,000.00 from Amberjacks". These statements (in various forms) were made to numerous individuals, the sum total of which Plaintiff is unaware. Plaintiff would allege that slanderous statements known by Plaintiff and made by the Defendants as follows:

a.      Defendant Daniel B. Ghilain published a statement "that criminal charges were going to be filed against Judy Lemmons because of her embezzlement from Amberjacks". This statement was

04-754 Judy Lemmons First Amended Petition 05/05/04rwa

EXHIBIT C

CERTIFIED COPY

made on or about January 29th 2003.

     b.    Defendant LeeAnne Ghilain published a statement to a third person "that the rumor was true that Judy Lemmons had taken $200,000.00 dollars". This statement was published on or about the first day of March 2003, in Cameron County Texas.

     c.    Defendant LeeAnne Ghilain published a statement to a third person "that the rumor was true and she was shocked at how much Judy stole". This statement was published on or about April 10th 2004, in Cameron County, Texas.

3.    The statements by themselves constitute **slander per se** as they directly or by innuendo accuse the Plaintiff of criminal acts. The statement made by Defendants are statutory slander because they tend to injure Plaintiffs reputation and expose Plaintiff to public hatred, contempt, ridicule, and financial injury and impeach the honesty and integrity of the Plaintiff.

4.    Defendants Ghilain and each of them published the defamatory statements set out above to third parties within the community of South Padre Island, Cameron County, Texas and to others unknown to Plaintiff. The persons who overheard the statements understood the statement to be defamatory in the manner described above. Furthermore the persons who heard the statements understood that they referred directly to the Plaintiff, and the statements were repeated by others as gossip and thought to be true by those who overheard the rumors. Plaintiff's damages include mental anguish, pain and suffering, medical expenses incurred in the past and reasonably anticipated in the future, loss of consortium, loss of reputation, humiliation, and expenses reasonable and necessary to relocate from South Padre Island, Texas. Plaintiff seeks damages in the amount of Two Million Dollars ($2,000,000.00).

5.    The defamatory statements set forth above are false. The truth is that Defendants purchased Plaintiffs interest in a corporation which owned a restaurant known as "Amberjacks". Plaintiff was the in-house bookkeeper and maintained the accounts payables, accounts receivable, marketing, payroll and group sales for the partnership, Amberjacks Bar and Grill, Inc. Defendant LeeAnne Ghilain disliked Plaintiff personally and refused to speak to Plaintiff and wished to discredit Plaintiff. Plaintiff believes

## CERTIFIED COPY

that Defendants harbored ill feelings, for Plaintiff for several years before Plaintiff's interest was purchased.

6.    The Defendants publication of the defamatory statements are not privileged; Defendants and each of them have published the defamatory statements with malice and have or should have had substantial grounds for knowing that they are false and published the statements with reckless disregard to the truth of such statements. Plaintiff requests punitive damages in an amount in excess of the jurisdictional limits of the court. Plaintiff further requests the issuance of a permanent injunction enjoining the Defendants and each of them from publishing unprivileged slanderous or otherwise defamatory statements concerning the Plaintiff in the future.

**WHEREFORE PREMISES** considered, Plaintiff requests that Defendants be cited to appear and that upon hearing hereof that Plaintiff have judgment against the Defendants jointly and severally, for damages in the amount of Two Million ($2,000.000.00), punitive damages, the issuance of a permanent injunction, prejudgment interest, post judgment interest, costs of court and general relief.

RESPECTFULLY SUBMITTED,

R.W. ARMSTRONG
Attorney At Law
2600 Old Alice Road Ste A
Brownsville Texas 78521
Tel:    (956) 546 5556
Fax:    (956) 546 0470

R. W. ARMSTRONG

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
NOV 2 2 2004
DEPUTY

DISTRICT COURT CAMERON COUNTY, TEXAS

04-754 Judy Lemmons First Amended Petition 05/05/04rwa