IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ESSEX INSURANCE COMPANY | § § § | |
| VS. | § § § | CIVIL ACTION NO. B-04-079 |
| AMBERJACK'S BAR & GRILL, INC. AND DANNY GHILAIN TRUST | § § | |

### DEFENDANTS AND INTERVENORS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW AMBERJACK'S BAR & GRILL, INC., and DANNY GHILAIN TRUST, Defendants herein, and DANNY GHILAIN and LEEANNE GHILAIN, Intervenors, and file this their Motion for Motion for Summary Judgment and as grounds therefor would show the Court the following:

### I.

### ISSUE STATEMENT

Movants generally agree with the Issue Statement in Plaintiff's Motion for Summary Judgment, which states the following:

> Whether Essex has a duty to defend and/or indemnify Daniel Ghilain and Leeanne Ghilain pursuant to a comprehensive general liability policy for claims asserted by Judy Lemmons in an underlying lawsuit alleging publication of defamatory remarks.

However, Movants believe there are issues, including timing issues, regarding any slanderous remarks that preclude their obtaining a declaratory judgment regarding duty to indemnify at this point.

## II.

## SUMMARY OF ARGUMENT

Movants are entitled to Summary Judgment because the insurance policy covers "personal and advertising injury." The exclusion in the policy for "employment-related practices" does not apply because there is no allegation in Plaintiff's First Amended Petition, asserting that Judy Lemmons was an employee, partner, or shareholder in the insured entities, Amberjack's Bar & Grill, Inc., or the Danny Ghilain Trust at the time the alleged slanderous statements were made. Further, there is no allegation that Judy Lemmons was an employee of either of the individual underlying Defendants, Mr. And Mrs. Ghilain. Finally, there is no allegation of a causal connection between Judy Lemmons' employment and the issuance of the slanderous comments (as opposed to the content of the statements) as required by Texas law to support the application of the Employment Practices Exclusion.

## III.

## BACKGROUND

1. Movants agree with Paragraph 1 of the background facts stated in Plaintiff's Motion for Summary Judgment and agree that the Summary Judgment record includes only Exhibit "A" through "C," which are attached to Plaintiff's Motion for Summary Judgment. Those documents include the insurance policy and the Plaintiff's pleadings in the underlying lawsuit.

2. Movants assert that they are entitled to summary judgment as a matter of law regarding Essex Insurance Company's duty to defend for acts committed by Daniel B. Ghilain and Leeanne Ghilain, because the allegations in the underlying lawsuit do not assert that the underlying Plaintiff, Judy Lemmons, was an employee, partner or stockholder in Amberjack's Bar & Grill, Inc., at the time the alleged slanderous remarks were made.

Further, the allegations in Plaintiff's First Amended Petition do not assert that Judy Lemmons was ever an employee, partner, or stockholder in the Danny Ghilain Trust, or an employee of Mr. Ghilain or Mrs. Ghilain, who are the underlying Defendants. Finally, there is no allegation of a causal connection between Judy Lemmons' employment and the issuance of the slanderous comments (as opposed to the content of the statements) as required by Texas law to support the application of the employment practices exclusion. There are no genuine issues of material fact and Movants are entitled to summary judgment as a matter of law. Movants believe there are issues, including timing issues, regarding any slanderous remarks that preclude their obtaining a declaratory judgment regarding duty to indemnify at this point.

## IV.

## EVIDENCE

Movants adopt Exhibits "A" through "C," attached to Plaintiff's Motion for Summary Judgment, as the summary judgment record in this case, together with any pleadings on file with this Honorable Court.

## V.

## RELEVANT POLICY PROVISIONS

Movants adopt the Relevant Policy Provisions section of Plaintiff's Motion for Summary Judgment. Plaintiff contends there is coverage subject to consideration of the employment practices exclusion; Movants agree.

## VI.

## STANDARD OF REVIEW

Movants agree with the Standard of Review and Texas' adherence to the "Eight Corners" rule as set out in Plaintiff's Motion for Summary Judgment. Regarding the

Standard of Review for insurance coverage questions, Movants adopt the language of *Potomac Ins. Co. v. Peppers*, 890 F.Supp. 634, (S.D. Texas, Houston Division), cited by the Plaintiff in its Motion for Summary Judgment.

The Court stated the following:

> Under the "eight corners" rule, a duty to defend only arises if the allegations in the pleadings are "potentially" covered by the policy. (Citations omitted) If there is any doubt as to whether the allegations in the complaint state a claim that is covered by the policy, such doubt is to be resolved in favor of the insured. *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 26 (Tex. 1965). Additionally, if there are insufficient allegations in the pleadings upon which to make a determination as to whether or not there is coverage, courts will generally find a duty to defend. *Id.* Finally, as long as one claim or allegation in the pleadings is "potentially" covered by the insurance policy, the duty to defend arises. *Id.*

## VII.

## **FACTS ALLEGED IN UNDERLYING PETITION**

The relevant part of the underlying Plaintiff's pleadings state the following:

> The truth is that Defendants [the Ghilains] purchased Plaintiff's interest in a corporation which owned a restaurant known as "Amberjacks." Plaintiff was the in-house bookkeeper and maintained the accounts payables [sic], accounts receivable, marketing, payroll and group sales for the partnership, Amberjacks Bar and Grill, Inc.

The underlying Plaintiff does not allege when she was the in-house bookkeeper, or when Defendants purchased Plaintiff's interest in the corporation, Amberjack's Bar and Grill, Inc. These allegations are found at Paragraph 5 of Plaintiff's First Amended Petition.

Earlier in that Petition, the underlying Plaintiff alleges that Mr. & Mrs. Ghilain made numerous slanderous statements "the sum total of which Plaintiff is unaware." The underlying Plaintiff then goes on to identify three specific statements. The first of these statements was allegedly made by Mr. Ghilain on or about January 29, 2003. The second

statement was allegedly made by Mrs. Ghilain on or about the 1st day of March, 2003. The third statement was allegedly made by Mrs. Ghilain on April 10, 2004. There is no allegation indicating that any of the slanderous statements were made while the underlying Plaintiff was still an employee of Amberjack's Bar and Grill, Inc. There is no allegation that any of the slanderous statements were made while the underlying Plaintiff was a stockholder or partner in Amberjack's Bar and Grill, Inc. There is no allegation of why or to whom any of the alleged slanderous statements were made. There is no allegation that the slanderous statements were issued under circumstances that had anything to do with Plaintiff's employment.

There is no allegation that the underlying Plaintiff was ever associated with the Danny Ghilain Trust in any capacity. There is also no allegation that the underlying Plaintiff was ever an employee of Daniel Ghilain or Leeanne Ghilain. These allegations concerning the alleged slanderous remarks are contained at Paragraph 2 of Plaintiff's First Amended Petition.

The allegation contained at Paragraph 2 of Plaintiff's First Amended Petition regarding statements made to various individuals indicates that the Defendants stated "that Plaintiff 'embezzled quite a lot of money to the tune of $200,000.00, from Amberjacks.'"

The statement attributed to Mr. Ghilain in Paragraph 2(a) of Plaintiff's First Amended Petition states that "criminal charges were going to be filed against Judy Lemmons because of her embezzlement from Amberjacks."

The two specific statements attributed to Mrs. Ghilain at Paragraph 2(b) and Paragraph 2(c) of Plaintiff's First Amended Petition state "that the rumor was true and Judy Lemmons had taken $200,000.00," and "that the rumor was true and she was shocked at how much Judy stole." Neither of these allegations identify from whom the money was

supposedly stolen. None of the allegations state why or to whom the statements were made.

Without regard to the Court's resolution of the question of whether or not allegations of defamation of a former employee constitute an "employment-related practice" under the insurance policy, it is clear that these last two specific allegations on their face do not even involve the subject matter of Lemmons' presumably past employment, let alone being issued relating to her employment.

That employment must be presumed to be past employment under the above-quoted language of *Potomac Ins. Co. v. Peppers*, 890 F.Supp. 634, (S.D. Texas, Houston Division), and the Texas Supreme Court case of *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22, 26 (Tex. 1965), which is cited in the *Potomac* case.

## VIII.

## COVERAGE ISSUES - ADVERTISING INJURY

Essex takes the position in its Motion for Summary Judgment that the allegations made by Judy Lemmons against Danny B. Ghilain and Leeanne Ghilain in the underlying lawsuit are allegations of an advertising injury, and that the policy at issue provides coverage for advertising injuries.

The only issue that this Court needs to decide is whether the general allegation or any of the three specific allegations trigger a duty to defend.

The Employment-Related practices exclusion does not define what is an employment-related practice. It does state the following:

> Employment-Related Practices regardless of allegations are not covered under this policy nor are any expenses or any obligation to share damages with or repay anyone else who must pay damages from same, including but not limited to:
>
> (B)   Discrimination, coercion, demotion, evaluation, reassignment, discipline, defamation, harassment in any

>    form, humiliation or other employment-related practices,
>    policies, acts or omissions;

Obviously, not all discrimination, coercion, discipline, defamation, harassment or humiliation are excluded. Those items are excluded if they are employment-related practices. Movants contend that the listed items are not excluded unless they are committed against a present employee by a present employer or, the making of the statements (as opposed to their content) is causally related to the Plaintiff's employment.

## IX.

## DISCUSSION OF LEGAL AUTHORITIES

Fortunately for Movants, Texas law is clear in requiring a causal connection between the issuance of the alleged slanderous statements and the employment of the underlying Plaintiff in order for the Employment-Practices Exclusion to apply. The definitive case is *Waffle House, Inc. v. The Travelers Indemnity Co. of Illinois*, 114 S.W.3d 601 (Tex.App.-Ft. Worth, 2003) (pet.den'd Feb. 27, 2004). Although the case is not a Texas Supreme Court case, it is a compelling opinion and properly decided. The case involved *Travelers* as a primary carrier and Federal Insurance Company as an umbrella carrier. Movants will concentrate on the decision of the Court regarding *Travelers* as it presents a situation nearly identical with the case at bar.

The tort case underlying the *Waffle House* coverage case was tried to a substantial judgment before the coverage case was decided. Federal District Judge, Jerry Buchmeyer, had written a two hundred-page opinion regarding the liability of *Waffle House* to the underlying Plaintiff prior to the filing of the coverage case. In the coverage case, the respective parties were making exactly the same arguments that are presented in the case at bar with the insured arguing that the employment-related practices exclusion did not apply

because the underlying Plaintiff was not an employee at the time of the alleged defamation, and the issuance of the alleged defamation (as opposed to the subject matter) was not employment-related.

At the conclusion of the trial court proceedings in the coverage case, the trial judge ordered *Travelers* to pay *Waffle House* for their reasonable and necessary legal fees and expenses incurred by *Waffle House* as a result of the underlying litigation, and *Travelers* complied. *Id.*, at 605.

The allegations in the underlying lawsuit were that *Waffle House* executives defamed the underlying Plaintiff by telling Grandy's, a *Waffle House* competitor, that underlying Plaintiff was discharged for poor performance, that she was vindictive, that she was trying to entice people to leave *Waffle House*, and that she had a personal vendetta against *Waffle House*. The Court recognizes that "when the allegations are reviewed to determine whether a liability insurer has a duty to defend its insured, a liberal interpretation in favor of the insured should be given." *Id.*, at 607.

The exclusion involved in the case is identical to the exclusion involved in the case at bar. *Id.* At 608.

The Court holds the following:

> Whether the exclusion applies depends on whether the defamatory remarks made by the *Waffle House* executives arose out of Scribner's termination from *Waffle House*. Under the facts of this case, we hold that it does not.
>
> The Texas Supreme Court recently stated that the phrase "arising out of" should be interpreted as requiring a 'but-for' causal relationship. *Utica Nat'l Ins. Co. v. American Indemnity Co.*, (Tex.Sup. 2003). Furthermore, the phrase should be broadly construed (citation omitted). However, 'a causal connection must exist' between the injury and the events excluded by the policy. *Mid Century Ins. Co. v. Lindsay*, 997 S.W.2d 153, 156.

The Court then discusses Judge Buchmeyer's findings, including that the underlying trial revealed that *Waffle House* officials had made the statements to Grandy's officials to avoid the further loss of *Waffle House* employees. The Appellate Court in the *Waffle House* decision stated the following:

> When statements such as these are coupled with the fact that the defamatory statements were made over two years after Scribner's termination, the context of the statements clearly shows that they arose out of *Waffle House's* attempt to prevent its employees from leaving the company and not out of Scribner's termination. *H. S. Servs., Inc. v. Nationwide Mut. Ins. Co.*, 109 F.3d 642, 646 (9th Cir. 1997).
>
> In other words, no causal relationship exists between the defamation and Scribner's employment. *Id.* At 609-610.

It is important to note that the subject matter of the defamation in the Scribner case obviously dealt with Scribner's employment; i.e., her performance. It is not the subject matter of the defamation that is the key to the analysis, but rather the circumstances of the issuance of the slanderous statements that must relate to the Plaintiff's employment.

The *Waffle House* court relies on the *H. S. Servs., Inc.*, case and discusses why that case supports both the *Waffle House* decision and the Movants' position in the case at bar.

The Court distinguishes cases where the defamatory remarks are made in response to routine employment inquiries from potential new employers of the underlying Plaintiff just after termination.

The Court goes on to hold that the employment-related exclusion does not bar coverage for *Waffle House*. The *Waffle House* court had the benefit of a decision already having been made in the underlying lawsuit, so that it could address coverage.

The Court then went on to discuss *Travelers'* duty to defend. In that analysis, the Court limits itself to the eight-corners rule. The allegation of the Plaintiff was that a *Waffle*

*House* employee stated to Grandy's employees that Plaintiff, Scribner, was targeting Defendant's employees, and also alleged that Plaintiff, Scribner, had a personal vendetta against Defendant.

The Court states the following:

> The allegation pertaining to Theobold's [*Waffle House's* employee] defamation contains no reference to Scribner's employment. Liberally construing the pleadings against *Travelers* and without reference to the truth or falsity of the allegations (citation omitted), Scribner's complaint alleges injuries that are covered by *Travelers* policy. Accordingly, we hold that *Travelers* had a duty to defend *Waffle House*.

To the extent that the cases are different, the difference is that the pleadings of Judy Lemmons seek to establish less of a causal connection between the making of the slanderous statements (as opposed to the subject matter of the slanderous statements), and the employment of the underlying Plaintiff.

The cases cited by Essex Insurance Company are either not helpful to a proper analysis of the case, or are helpful to the analysis presented by Movants and provided by Texas Law.

WHEREFORE, PREMISES CONSIDERED, Defendants and Intervenors request that the Court enter an Order Granting Defendants and Intervenors' Motion for Summary Judgment, declaring that as a matter of law Plaintiff has a duty to defend Intervenors in the underlying lawsuit, Cause No. 2004-01-00536-E, *Judy Lemmons v. Daniel B. Ghilain and Leeanne Ghilain*, in the 357th Judicial District Court of Cameron County, Texas; Defendants and Intervenors request that the Court set a hearing for the presentation of its evidence regarding attorney's fees as the successful party in a declaratory judgment action and for compelling Plaintiff to abide by its contract; that the Court dismiss, without prejudice, Defendants and Intervenors' action seeking declaratory relief regarding Essex Insurance

Company's duty to indemnify; and that the Court dismiss Essex Insurance Company's action seeking declaratory judgment regarding its duty to defend with prejudice, and its action seeking declaratory judgment regarding its duty to indemnify without prejudice.

Respectfully submitted,

ROERIG, OLIVEIRA, & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016 (Fax)

BY: _____
JEFFREY D. ROERIG
Federal ID #1503
State Bar #17161700
ATTORNEY FOR DEFENDANTS
AND INTERVENORS

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing has been mailed, Certified Mail No. 7160 3901 9848 1269 7584, Return Receipt Requested, to the Attorney for Plaintiff, as follows:

Mr. James M. Tompkins
Ms. Mary Lou Mauro
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
3555 Timmons Lane, Suite 1225
Houston, TX 77027

on this 3rd day of December, 2004.

_____
JEFFREY D. ROERIG