United States District Court
Southern District of Texas
FILED

DEC 1 6 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ESSEX INSURANCE COMPANY §
§
§
VS. § CIVIL ACTION NO. B-04-079
§
AMBERJACK'S BAR & GRILL, INC. §
AND DANNY GHILAIN TRUST §

### DEFENDANTS AND INTERVENORS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW AMBERJACK'S BAR & GRILL, INC., and DANNY GHILAIN TRUST, Defendants herein, and DANNY GHILAIN and LEEANNE GHILAIN, Intervenors, and file this their Opposition to Plaintiff's Motion for Summary Judgment and as grounds therefor would show the Court the following:

### I.

### INTRODUCTION

All parties are in agreement regarding the issue in the case and the summary judgment record. All parties agree that the "eight-corners" rule governs this Court's consideration of the factual record for the summary judgment. The parties agree that there is an obligation of the Plaintiff to defend, unless that obligation is negated by the Employment-Related Practices exclusion of the Essex Insurance policy.

The dispute concerns the breadth of that exclusion and Defendants and Intervenors have filed their Motion for Summary Judgment, indicating that the breadth of this exclusion is governed by *Waffle House, Inc. v. The Travelers Indemnity Co. of Illinois*, 114 S.W.3d 601 (Tex.App.-Ft. Worth, 2003) (pet.den'd Feb. 27, 2004).

This opposition will discuss why the breadth of the employment practices exclusion is correctly stated in Defendants and Intervenors Motion for Summary Judgment, and why the Plaintiff's Motion for Summary Judgment reaches an incorrect conclusion regarding the breadth of the employment-related practices exclusion.

## II.

## CRITICISMS OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In its Motion for Summary Judgment, Plaintiff includes a section entitled "Coverage Issues - Employment Practices Exclusion." In that section, the Plaintiffs include a paragraph number 11, which states the following:

> Specifically, employment-related practices "are not covered under this policy nor are any expenses, nor any obligation to share damages" arising from "defamation," harassment or humiliation.

Reading that section contained in Plaintiff's Motion for Summary Judgment might leave the impression that all causes of action arising from defamation are excluded.

In fact, Plaintiff has also included in its Motion for Summary Judgment, the full text of the exclusion which states, in relevant part, the following:

> Employment-Related Practices, regardless of allegations, are not covered under this policy, nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same, including but not limited to:
>
> (B) Discrimination, coercion, demotion, evaluation, reassignment, discipline, defamation, harassment in any form, humiliation or other employment related practices, policies, acts or omissions;

It is clear from reviewing the full text of the Employment-Related Practices Exclusion that the listed examples of possible causes of action are only excluded if they are employment related.

Defendants and Intervenors' second criticism of Plaintiff's Motion for Summary Judgment is its reliance on the case of *Potomac Ins. Co. v. Peppers*, 890 F.Supp. 634, 644-645 (S.D. Texas, Houston Division). Plaintiff's motion properly states the ruling of the Court by pointing out the following:

> The U. S. District Court found that the employment practices exclusion applied because the defamation claim was both asserted by and against individuals that were officers, directors or employees of the insured and the allegations make it clear that the defamation occurred within the context of their involvement with the insured. Since the allegations arose out of the underlying parties' respective positions, the allegations of defamation were deemed to be related to employment practices and, thus, excluded from coverage.

The Plaintiff's reliance on the *Peppers* case is misplaced because it fails to consider that the circumstances surrounding the making of the alleged statements, as opposed to the subject matter of the alleged defamatory statements, was the basis for the Court's holding. Plaintiff properly notes that the defamation occurred within the context of their involvement with the insured, a company that they both owned. The inquiry is about the context, not the content, of the defamation alleged.

In discussing the defamation claim in the *Peppers* case, the Court observed that the allegedly defamed individual, Bezuch, alleged in his Fifth Amended Petition that *Peppers* "defamed Bezuch to numerous persons with whom Bezuch had ongoing business relationships, and through lies and fraudulent actions killed many of Bezuch's valuable business relations." Bezuch's further allegations indicated that *Peppers* "communicated with numerous persons with whom Bezuch had ongoing business relationships, and communicated orally and in writing that Bezuch had done reprehensible acts which he in fact did not do." *Id.*, at 644.

The Court does not even discuss the subject matter of the alleged defamatory remarks.

Rather, the Court's holding is based on the circumstance that the alleged defamatory remarks were made to persons with whom Bezuch had ongoing business relationships, and that the remarks wound up killing many of Bezuch's valuable business relations.

The facts of the *Peppers* case are complicated. *Peppers* and Bezuch were romantically involved. They became business partners in many businesses and joint shareholders in a corporation. When the love affair floundered because of *Peppers'* infidelities, she took steps to try to consolidate the couple's numerous joint business interests under her control. Rather than being an employment case, the alleged insurance coverage was premised on *Peppers* and Bezuch both being partners and joint shareholders in a business called Revenue Properties, Inc.

It was *Peppers'* effort to gain control of the business in her name that motivated her in making the alleged defamatory statements. This is clearly a business related in context.

It is clear from the court's opinion that it is the context and purpose behind the making of the alleged defamatory statements, rather than the subject matter of the alleged defamatory statements, that resulted in the proper application of the employment-related practices exclusion. *Id.*, at 645.

Defendants and Intervenors' third criticism of Plaintiff's Motion for Summary Judgment is its reliance on *State Farm v. Adelfa Maldonado*, 935 S.W.2d 805, 811 (Tex.Civ.App.–San Antonio 1996). In that case, the court properly states that the issue was whether Mr. Robert's defaming the underlying plaintiff, his former employee, by calling her a thief and a prostitute, was related to Robert's business as a Certified Public Accountant. The court stated that "the policy covers personal injury caused by an offense arising out of the insured's business." *Id.*, at 810. The court holds the following:

> After application of the standards of review recited above, we hold that there is legally and factually sufficient evidence that Robert's slanderous statements arose from his business.

*Id.,* 811. There is nothing in the case to indicate that an "employment-related practices exclusion" was involved in the case. Rather, the policy stated that it covers actions "arising out of" the insured's business. The holding of the court was that Robert's remarks arose out of his business, so that there was insurance coverage.

Defendants and Intervenors' fourth criticism of Plaintiff's Motion for Summary Judgment pertains to paragraph 13, wherein Plaintiff states:

> Lemmons was the in-house bookkeeper and maintained the accounts payables, accounts receivable, marketing payroll and group sales. The alleged defamatory statements are clearly related to Lemmons' position as in-house bookkeeper and subsequent sale of her partnership interest. Therefore, the allegations in the underlying Petition are related to employment practices and are, therefore, excluded from coverage.

This is a contention by the Plaintiff that the subject matter of the alleged defamatory statements, rather than the context and purpose of the alleged defamatory statements, are controlling on the issue of the employment-related practices exclusion. Defendants and Intervenors find the law to be otherwise.

### III.

### THE LEGAL BASIS OF THE CORRECT RULE

The correct rule regarding the application of the employment-related practices exclusion is properly stated in *H. S. Servs., Inc. v. Nationwide Mut. Ins. Co.*, 109 F.3d 642 (9th Cir. 1997). That case dealt with a former company president who was terminated. After his termination he attempted to take over some of the his former employer's customers. In order to prevent the loss of customers, the former employer authorized sales representatives to respond to inquiries regarding the company as follows:

      1.     Cade-Grayson is financially sound and values your business.

      2.     Steve Cade was terminated by Cade-Grayson Company for acts involving dishonesty.

      3.     We cannot provide further details because the company is in litigation with Mr. Cade and our lawyers advise us not to go into specifics at this time. *Id.*, at 644.

Cade-Grayson asked *Nationwide*, its insurance company, to reconsider its refusal to defend and provide coverage. The insured company wrote *Nationwide* a letter pointing out that it authorized the three-point communication detailed above three months after Steven Cade was terminated from his employment. At that time Cade-Grayson found out that Cade was making disparaging statements about it and, in order to reassure its suppliers, issued the three-point statement detailed above. The three-point statement was sent to food brokers who acted as manufacturer's representatives of Cade-Grayson.

The court found that Cade-Grayson had a business reason for authorizing the statement. The issuance of the statement was not related to Cade's former employment. *Id.*, at 644.

The court notes that "Read literally and broadly, the terms 'arising out of' and 'employment-related. . . acts or omissions' would include any claim or injury connected in any way with the employment termination, no matter how attenuated that connection. We do not think the parties mutually intended the exclusion to be read so expansively. Our 'fundamental goal' in interpreting this exclusion must be 'to give effect to the mutual intention of the parties.'" (Citing California authority). *Id.* At 645. The Employment-Related Practices Exclusion involved in the *Nationwide* case was obviously broader than Essex's exclusion that does not have the "arising out of" language.

The court went on to rule as follows:

> In the case at bench, the defamation is not "clearly employment related" because, although its content is directed to Cade's employment, the statements were not made in the context of Cade's employment. *Id.,* at 646.

The court distinguishes another California case, *Frank and Freedus v. Allstate Ins. Co.*, 45 Cal.App.4th, 461, 52 Cal.Rptr.2d 678 (1996). In that case, the employment practices exclusion was found to apply when the alleged defamation was directly related to employment because the employer was explaining the termination of one employee to its remaining employees. The court says that the *Frank and Freedus* case was "clearly an attempt by the employer, as employer, to bolster employee morale and, thus, was employment related." *Id.,* at 646.

> The court in *Nationwide* concluded the following:

> > Here, the purpose of the remarks was to protect Cade-Grayson in the marketplace. The remarks related directly to competition between Cade and Cade-Grayson in the marketplace, and the latter's attempt to protect itself against a remark made by Cade, not as an ex-employee, but as a present competitor. That was their context. While it may be literally true that the remarks "related" to Cade's employment, that relationship was too indirect and attenuated to qualify under the exclusion. In short, because of the difference in context, this case is not controlled by *Frank and Freedus,*

The jurisprudence first expressed in the *H. S. Servs., Inc.,* case came to Texas through *Waffle House, Inc. v. The Travelers Indemnity* cited in Defendants and Intervenors' Motion for Summary Judgment. It is the context of the making of the remark, and not the contents of the remark itself, that must related to employment. There is nothing in Lemmons' pleading that places the alleged defamation in an employment context.

It may be helpful to relate this case to other torts. As a bookkeeper the underlying Plaintiff, Judy Lemmons, might have owned a calculator and kept it at work. After she

terminated her employment with the Defendant, Amberjack's Bar & Grill, Inc., she might have injured herself while removing the calculator from the Amberjack's offices. That injury would be employment-related because it involved the wrapping up of her employment. However, if her calculator somehow injured her after it had come to rest at her home, that injury would not be employment related. The rule is that the context of the injury, not the instrumentality of the injury, or the subject matter of the alleged defamatory remarks, must be employment related.

The pleadings in the present case are not sufficient for the Court to conclude that the context in which the Defendants/Intervenors' remarks were made were related to Lemmons' employment. This is another reason why Defendants and Intervenors are asking for a declaratory judgment on the duty to defend rather than on the duty to indemnify. It may develop from the trial record in the case that the alleged defamatory remarks were made in an employment context. However, that determination cannot be made from the pleadings.

WHEREFORE, PREMISES CONSIDERED, Defendants and Intervenors request that the Court enter an Order Denying Plaintiff's Motion for Summary Judgment, declaring that as a matter of law Plaintiff has a duty to defend Intervenors in the underlying lawsuit, Cause No. 2004-01-00536-E, *Judy Lemmons v. Daniel B. Ghilain and Leeanne Ghilain*, in the 357th Judicial District Court of Cameron County, Texas; and that the Court dismiss Essex Insurance Company's action seeking declaratory judgment regarding its duty to defend with prejudice, and its action seeking declaratory judgment regarding its duty to indemnify without prejudice.

Respectfully submitted,

ROERIG, OLIVEIRA, & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas 78520
(956) 542-5666
(956) 542-0016 (Fax)

BY: _____
JEFFREY D. ROERIG
Federal ID #1503
State Bar #17161700
ATTORNEY FOR DEFENDANTS
AND INTERVENORS


## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing has been mailed, Certified Mail No. 7160 3901 9848 1269 7737, Return Receipt Requested, to the Attorney for Plaintiff, as follows:

Mr. James M. Tompkins
Ms. Mary Lou Mauro
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
3555 Timmons Lane, Suite 1225
Houston, TX 77027

on this 16th day of December, 2004.

_____
JEFFREY D. ROERIG