IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 1 7 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ESSEX INSURANCE COMPANY, | § § § | |
| *Plaintiff,* | § § | |
| VS. | § § | CIVIL ACTION NO. B-04-079 |
| AMBERJACK'S BAR & GRILL, INC. and DANNY GHILAIN TRUST, | § § § § | |
| *Defendants.* | § | |

### PLAINTIFF ESSEX INSURANCE COMPANY'S RESPONSE TO DEFENDANTS AND INTERVENORS' <u>MOTION FOR SUMMARY JUDGMENT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Essex Insurance Company (hereinafter referred to as "Plaintiff" or "Essex"), and files this Response to Defendants and Intervenors' Motion for Summary Judgment.

### SUMMARY OF DEFENDANTS' AND INTERVENORS' ARGUMENT

Defendants and Intervenors allege that Essex is not entitled to declaratory judgment because timing issues preclude application of the employment-related practices exclusion. Plaintiff disagrees.

Defendants and Intervenors also allege there is no causal relationship between the underlying Plaintiff's employment and the alleged issuance of slanderous comments. Plaintiff disagrees.

### ANALYSIS

Defendants and Intervenors rely on *Waffle House, Inc. v. The Travelers Indemnity Co.*, 114 S.W.3d 601 (Tex.App.-Ft. Worth, 2003) (pet. denied) as the definitive Texas case on the

Employment-Related Practices Exclusion. Essex agrees with the import of *Waffle House*; however, Essex does not agree with Defendants and Intervenors' analysis of that case. That case can be distinguished from the case at hand.

First, on the timing issue, the Court of Appeals in *Waffle House* notes the length of time between the insured's alleged defamatory remarks and the underlying Plaintiff's former employment. In that case, it was two years. However, the reference does not relate to the Court's analysis of a causal relationship requirement between the alleged defamatory remarks and the employment of the underlying plaintiff. Defendants and Intervenors cite no authority for their contention that employment-related practices only apply to current employees/employers. In *Waffle House*, the underlying Plaintiff had formed her own employment staffing agency after leaving her employment with Waffle House. Two years later, Waffle House executives began slandering and libeling her to stop her from recruiting their employees to work for Grandy's. Representatives of Grandy's testified that the remarks caused them to stop hiring through the underlying plaintiff's company. The Court of Appeals did not rely on the timing of the alleged defamatory statements in reaching its conclusions. Instead, the Court relied on the causal relationship between the alleged defamatory remarks and the end of the plaintiff's actual employment with Waffle House.

Second, Defendants and Intervenors deny a causal relationship between Lemmons' employment and the alleged defamatory remarks. Essex disagrees with their application of the law to the facts. The underlying petition specifically states in paragraph 5 (Exhibit C in Defendants and Intervenors' Motion) that the underlying plaintiff was the in-house bookkeeper for Amberjack's Restaurant, the insured. As such, she maintained accounts payable, accounts receivable, marketing, payroll and group sales for the partnership, Amberjack's Bar & Grill. The

very nature of the alleged defamatory remarks is inherently related to her termination of employment with Amberjack's. The underlying petition states that Lemmons sold to the Ghilains her interest in the corporation for which she had served as in-house bookkeeper. In *State Farm v. Maldonado*, 935 S.W.2d 805, 811 (Tex.App.—San Antonio 1996) (reh'g overruled), the Court of Appeals noted that allegations of theft against a bookkeeper were directly related to her position of bookkeeper. Likewise, allegations of embezzlement against a bookkeeper (past or current) are directly related to the bookkeeper's employment. Embezzlement is "the fraudulent taking of property with which one has been entrusted." Black's Law Dictionary, 7th Edition, p. 540, 1999. In this case, there is no other possible interpretation other than the conclusion that the alleged defamatory statements constitute conduct intended to be excluded by the employment-related practices exclusion.

The type of conduct for which the Ghilains have been sued in the underlying litigation is clearly excluded from coverage by the language or intent of the employment-practices exclusion. The relevant portion reads:

> "[e]mployment-related practices ... are not covered under the policy ... including ...,
>
> (B)    ... defamation, harassment in any form, humiliation ..."

Its plain meaning is undeniable and unambiguous. In *Potomac Ins. v. Peppers*, 890 F.Supp. 634, 645 (U.S.D.C., Sou. Dist., Houston 1995), the District Court specifically excluded coverage under a very similar employment-related exclusion for the portion of an underlying lawsuit alleging defamation between former business partners. Regardless of the former business partners' positions with the insured partnership, the allegations in the underlying petition arose out of their relationship with the insured partnership. The Court found that allegations of defamation were clearly related to the employment practices of the insured and were thus

excluded from coverage. It is undisputed from the underlying pleadings that the alleged conduct of the Ghilains arose out of their business relationship with the underlying plaintiff through Amberjack's. Therefore, the employment-related exclusion operates to exclude coverage. See also, *Houston Petroleum Company v. Highlands Ins. Co.*, 830 S.W.2d 153, 155 (Tex.App.—Houston [1st Dist.] 1991); *Holmes v. Employers Casualty Co.*, 699 S.W.2d 339, 340-341 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.).

## CONCLUSION

Essex does not owe the Ghilains a duty to defend and/or indemnify in *Lemmons v. Ghilains, et al.* The policy issued by Essex to Amberjack's Bar & Grill excludes coverage for employment-related practices that include defamation. The facts alleged in the underlying petition are causally connected to the employment of the underlying plaintiff. Defendants and Intervenors' Motion for Summary Judgment should be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Essex Insurance Company prays that after all due proceedings, a judgment be entered rejecting all of the claims made by Defendants and Intervenors Danny Ghilain and Leeanne Ghilain and awarding Essex Insurance Company such other and further relief, both general and special, at law and in equity, to which Essex Insurance Company may show itself justly entitled.

Respectfully submitted,

James M. Tompkins (Attorney-in-Charge)
Federal I.D. No. 15800
State Bar No. 00785534
Mary Lou Mauro
Federal ID No. 29682
State Bar No. 13238520

4

OF COUNSEL:

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
3555 Timmons Lane, Suite 1225
Houston, Texas 77027
(713) 599-0700
(713) 599-0777 – facsimile

ATTORNEYS FOR PLAINTIFF
ESSEX INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been forwarded to the following known counsel of record via certified mail, return receipt requested, on this **16th day of December, 2004.**

Mary Lou Mauro

Mr. Jeffrey D. Roerig
ROERIG, OLIVEIRA & FISHER, LLP
855 W. Price Road, Suite 9
Brownsville, TX 78520
*Via CM/RRR #7003 0500 0004 9371 4386*