IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ESSEX INSURANCE CO., Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION NO. B-04-79 |
| AMBERJACK'S BAR & GRILL, et al. Defendants. | § § § | |

| | |
|---|---|
| CENTURY SURETY COMPANY Plaintiff, | § § § |
| vs. | § § |
| DANIEL B. GHILAIN; LEEANNE GHILAIN; et al. Defendants. | § § § § |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Century Surety Company ("Century" or "Plaintiff") files this First Amended Complaint against Daniel B. Ghilain and LeeAnne Ghilain (referred to herein as the "Ghilains" or individually by name), and Essex Insurance Company (referred to herein as "Essex") and respectfully petitions this court for declaratory judgment. In support of this petition for declaratory judgment, Plaintiff respectfully shows this court the following:

### I.
### PARTIES

1. Century is an Ohio corporation with its principal place of business in Columbus, Ohio.

EXHIBIT

# ___A___

J:\FILES\1743\1743.010\Pleadings\1st Amended Complaint.doc

2.      Defendant Daniel Ghilain has appeared and will be served through his attorney of record, Jeffrey D. Roerig, at 855 W. Price Road, Suite 9, Brownsville, Texas 78520.

3.      Defendant LeeAnne Ghilain has appeared and will be served through her attorney of record, Jeffrey D. Roerig, at 855 W. Price Road, Suite 9, Brownsville, Texas 78520.

4.      Defendant Essex Insurance Company has appeared and will be served through its attorney of record, James M. Tompkins, 3555 Timmons Lane, Suite 1225, Houston, Texas 77027.

## II.
## JURISDICTION

5.      This court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because this matter involves an action between citizens of different states, and the matter in controversy in the underlying action allegedly exceeds the sum of Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs.

## III.
## VENUE

6.      Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §1391(a) as this is the judicial district in which a substantial part of the events giving rise to the claim occurred.

## IV.
## FACTS

7.      Judy Lemmons ("Lemmons") has filed suit against the Ghilains in Texas state court seeking damages as a result of allegedly defamatory statements made by the Ghilains (the "underlying lawsuit").

8.      The underlying lawsuit is filed under Cause No. 2004-01-00536E in the 357th Judicial District Court, Cameron County, Texas. A true and correct copy of the Plaintiffs'

Second Amended Petition from the underlying lawsuit is attached hereto as Exhibit "A" and is incorporated by reference as if set out in full herein.

9. The underlying lawsuit stems from defamatory statements allegedly made by the Ghilains about Lemmons.

10. Lemmons contends that the Ghilains published statements about her that were false related to her employment with the Ghilains.

11. According to Lemmons, the Ghilains falsely claim she embezzled money from Amberjacks Bar & Grill, a restaurant owned by the Ghilains.

12. The allegations in the underlying lawsuit include the following:

> 2. Plaintiff [Lemmons] would show that after termination of her employment with Amberjacks Bar and Grill, Inc. mid January 2003, Defendants Ghilain began stating to third parties that Plaintiff [Lemmons] has "embezzled quite a lot of money to the tune of $200,000.00 from Amberjacks". These statements (in various forms) were made to numerous individuals, the sum total of which Plaintiff is unaware. Plaintiff would allege that slanderous statements known by Plaintiff and made by the Defendants as follows:
>
> a. Defendant Daniel B. Ghilain published a statement "that criminal charges were going to be filed against Judy Lemmons because of her embezzlement from Amberjacks". This statement was made on or about January 29th 2003.
>
> b. Defendant LeeAnne Ghilain published a statement to a third person "that the rumor was true that Judy Lemmons had taken $200,000.00 dollars". This statement was published on or about the first day of March 2003, in Cameron County Texas.
>
> c. Defendant LeeAnne Ghilain published a statement to a third person "that the rumor was true and she was shocked at how much Judy stole". This statement was published on or about April 10th 2004, in Cameron County, Texas.
>
> 5. The defamatory statements set forth above are false. The truth is that Defendants [Daniel B. Ghilain and LeeAnne Ghilain] purchased Plaintiff's and her husband's interest in a corporation which owned a restaurant known as "Amberjacks". Plaintiff was the in-house bookkeeper

3

and maintained the accounts payables, accounts receivable, marketing, payroll and group sales for the partnership, Amberjacks Bar and Grill, Inc.

13. Century issued a commercial lines policy to Amberjacks Bar & Grill, Inc. dba Amberjacks Bar & Grill that was in effect from March 4, 2003 to March, 4, 2004 (Policy Number CCP 249319, hereafter the "Policy").

14. The Policy issued by Century includes, under **SECTION II – WHO IS AN INSURED** as follows:

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declaration as:

    d. An organization other that a partnership, joint venture, or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your offices of directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2. Each of the following is also an insured:

    a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

15. The Ghilains are not insureds under the Policy because the statements made by the Ghilains about Lemmons as alleged in the underlying lawsuit were not made with respect to

4

J:\FILES\1743\1743.010\Pleadings\1st Amended Complaint.doc

the Ghilains' duties as an officer or director, the Ghilains' liability as stockholders, or as an employee were not made within the scope of the Ghilains' employment while performing duties related to the conduct of Amberjacks Bar & Grill's business.

16. The Policy issued by Century includes an employment-related practices exclusion that is triggered by the allegations levied in the underlying state court lawsuit.

17. The employment-related practices exclusion in the policy provides as follows:

**EMPLOYMENT-RELATED PRACTICES AND EXCLUSION**

**B.** The following exclusion is added to Paragraph 2., **Exclusions** of Section I – Coverage B – Personal And Advertising Injury Liability:

This insurance does not apply to:

"Personal and advertising injury" to:

(1) A person arising out of any:

(c) Employment-related practices, policies, acts or omissions, such as . . . defamation, . . . .

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; . . . .

18. The Policy issued by Century also includes a provision that excludes coverage for personal injury related to defamation when the defamatory statements are first published prior to the inception of the policy.

19. The "prior publication" exclusion in the policy provides as follows:

This insurance does not apply to:

**Material Published Prior To Policy Period**

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

5

20. The allegations in the underlying lawsuit arise from allegedly defamatory statements first made by the Ghilains about Lemmons before March 4, 2003 regarding money allegedly embezzled by Lemmons from Amberjacks Bar & Grill and, as such, fall within the employment-related practices exclusion in the Policy and the prior publication exclusion.

21. Century is currently providing the Ghilains with a defense in the underlying lawsuit under a reservation of rights.

22. Upon information and belief, Essex Insurance Company provided liability insurance coverage to Daniel B. Ghilain and LeeAnne Ghilain during a part of 2002 and 2003 in the time period immediately preceding the Century Policy.

23. Essex denied the Ghilains' request for defense and coverage in the underlying lawsuit under Essex Policy No. 3CD8594.

24. Essex based its denial in part upon an endorsement that excludes coverage for damages arising out of employment-related practices, including defamation.

25. Century will show that if the employment-related practices exclusion is not applicable, that Essex Insurance Company is the carrier who should be providing defense benefits to the Ghilains.

## V.
## CAUSE OF ACTION: DECLARATORY RELIEF

26. Pursuant to 28 U.S.C. 2201, Century seeks a judicial declaration that it does not owe a duty of defense or indemnity to the Ghilains in the underlying lawsuit.

27. Century maintains that the controversy between Plaintiff and the Ghilains with regard to the policy at issue, and the duties of defense and indemnity thereunder, can be determined in this declaration judgment action.

J:\FILES\1743\1743.010\Pleadings\1st Amended Complaint.doc

28. There is a real and substantial controversy between Century and the Ghilains regarding whether Century is required to provide defense and/or indemnity benefits to the Ghilains in the underlying lawsuit.

29. In view of the foregoing facts, including the allegations in the underlying lawsuit and the terms of the Policy, Century is entitled to a judgment declaring that it has no duty to defend the Ghilains in the underlying lawsuit, and also that Century has no duty to indemnify the Ghilains for any judgment or settlement which may be entered or reached in the underlying lawsuit.

30. Century is currently providing a defense to the Ghilains, subject to a reservation of rights, pending resolution of this coverage action.

31. Century would further show that, if the employment-related practices exclusion is not triggered, Essex Insurance Company should be providing defense to the Ghilains.

32. Plaintiff invokes the Uniform Declaratory Judgment Act to have this court interpret and construe the policy in light of the underlying lawsuit and demands for defense and indemnity that have been made.

33. Century is entitled to recover its reasonable and necessary attorney's fees in prosecuting this declaratory judgment action. Century retained the law firm of Curney, Garcia, Farmer, Pickering & House, P.C. to represent it in this action, and has agreed to pay the firm reasonable and necessary attorney's fees. Award of these fees would be equitable and just, and are therefore authorized by the Uniform Declaratory Judgment Act.

## VI.
## PRAYER

34. Century prays that upon final judgment, this court:

J:\FILES\1743\1743.010\Pleadings\1st Amended Complaint.doc

a. Declare that Century has no duty to defend Daniel B. Ghilain and LeeAnne Ghilain in the underlying lawsuit under Policy number CCP 249319 in connection with the claims made in the underlying lawsuit;

b. Declare that Century has no duty to indemnify Daniel B. Ghilain and LeeAnne Ghilain in the underlying lawsuit under Policy number CCP 249319 in connection with the claims made in the underlying lawsuit;

c. Declare that, if the employment-related practices exclusion is not triggered, Essex has a duty to defend Daniel B. Ghilain and LeeAnne Ghilain in the underlying lawsuit;

d. Award Century its attorney's fees and court costs; and

e. Grant all other relief to which Century may be entitled in law or in equity which the court deems appropriate.

          Respectfully submitted,

          CURNEY, GARCIA, FARMER,
           PICKERING & HOUSE, P.C.
          411 Heimer Road
          San Antonio, Texas 78232-4854
          (210) 377-1990 (telephone)
          (210) 377-1065 (facsimile)

**Wm. David Farmer**
State Bar No. 06826470

*Attorney for Century Surety Company*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on the following by hand delivery, facsimile, and/or certified mail, return receipt requested, on the 28th day of February, 2005:

| | |
|---|---|
| *Via CMRRR #*<br>James M. Tompkins<br>Mary Lou Mauro<br>Galloway, Johnson, Tompkins,<br>  Burr & Smith<br>3555 Timmons Lane, Suite 1225<br>Houston, Texas 77027<br>*Attorneys for Plaintiff Essex Insurance Company* | *Via CMRRR #*<br>Jeffrey D. Roerig<br>Roerig, Oliveira, & Fisher, L.L.P.<br>855 W. Price Road, Suite 9<br>Brownsville, Texas 78520<br>*Attorney for Defendants Daniel B. Ghilain, LeeAnne Ghilain, Amberjack's Bar & Grill, and Danny Ghilain Trust* |

_____
**Wm. David Farmer**

J:\FILES\1743\1743.010\Pleadings\1st Amended Complaint.doc