United States District Court
Southern District of Texas
FILED

MAR 0 7 2005

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ESSEX INSURANCE CO.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. B-04-79** |
| | § | |
| **AMBERJACK'S BAR & GRILL, et al.** | § | |
| **Defendants.** | § | |


| | |
|---|---|
| **CENTURY SURETY COMPANY** | § |
| **Plaintiff,** | § |
| | § |
| **vs.** | § |
| | § |
| **DANIEL B. GHILAIN; LEEANNE** | § |
| **GHILAIN; et al.** | § |
| **Defendants.** | § |

### PLAINTIFF CENTURY SURETY COMPANY'S
### MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,

CURNEY, GARCIA, FARMER,
  PICKERING & HOUSE, P.C.
411 Heimer Road
San Antonio, Texas 78232-4854
(210) 377-1990 (telephone)
(210) 377-1065 (facsimile)

**Wm. David Farmer**
State Bar No. 06826470

*Attorney for Century Surety Company*

# TABLE OF CONTENTS

TABLE OF CITATIONS ........................................................................................................ ii

A.  STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ...................... 1

B.  STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT ............................ 2

C.  SUMMARY JUDGMENT EVIDENCE ........................................................................... 3

D.  SUMMARY OF ARGUMENTS ...................................................................................... 3

E.  THE UNDERLYING LAWSUIT .................................................................................... 3

F.  THE POLICIES ................................................................................................................ 4

G.  STANDARD OF REVIEW .............................................................................................. 4

H.  ARGUMENTS AND AUTHORITIES ............................................................................. 6

I.  CONCLUSION .................................................................................................................. 7

J.  PRAYER FOR RELIEF .................................................................................................. 14

................................................................................................................................................ 15

# TABLE OF CITATIONS

## Cases

*American Guarantee and Liability Insurance Company v. Shel-Ray Underwriters, Inc.*, 844 F.Supp. 325 (S.D. Texas, Houston Division 1993)................................7

*Farmers Texas County Mutual Ins. Co. v. Griffin*, 955 S.W.2d 81 (Tex. 1997)................7

*Finger Furniture Company, Inc. v. Travelers Indemnity Comp. of Connecticut*, 2002 WL 3213755 (S.D. Tex. 2002) ........................................................13

*Houston Petroleum Co. v. Highlands Ins. Co.*, 830 S.W.2d 153 (Tex.App.-Houston [1st Dist.] 1990, *writ denied*)....................................................7

*King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185 (Tex. 2002)........................................7

*Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F.Supp.2d 704 (S.D. Tex [Houston Division] 2001) ..............................................................13

*Mid-Century Ins. Co. v. Lindsey*, 997 S.W.2d 153 (Tex. 1999) ...............................11

*National Union Fire Insurance Company v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139 (Tex. 1997)..................................................................7, 8

*Old Republic Ins. Co. v. Comprehensive Health Care Associates, Inc.*, 2 F.3d. 105 (5th Cir. 1993)..........................................................................10

*Potomac Ins. Co. v. Peppers*, 890 F.Supp. 634 (S.D. Tex. [Houston Division] 1995) ................10

*State Farm Lloyds Ins. Co. v. Maldonado*, 935 S.W.2d 805 (Tex.App. – San Antonio 1996) ...........................................................................................11

*State Farm Lloyds Ins. Co. v. Maldonado*, 963 S.W.2d 38 (Tex. 1998) ......................11

*Travelers Indem. Co. of Connecticut v. Presbyterian Healthcare Resources*, 2004 WL 389090 (N.D. Tex. 2004).......................................................12

*Trinity Universal Ins. Co. v. Lowan*, 945 S.W.2d 819 (Tex. 1997)................................8

*Two Pesos, Inc. v. Gulf Ins. Co.*, 901 S.W.2d 495 (Tex.App. – Houston [14th Dist.] 1995, *no writ*)...............................................................................13

*Utica Nat'l Ins. Co. v. Am. Indem. Co.*, 141 S.W.3d 198, (Tex. 2004) .......................11

*Waffle House, Inc. v. Travelers Indem. Co. of Illinois*, 114 S.W.3d 601 (Tex.App. – Ft. Worth 2003, *review denied*) ..............................................9

ii

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ESSEX INSURANCE CO.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. B-04-79** |
| | § | |
| **AMBERJACK'S BAR & GRILL, et al.** | § | |
| **Defendants.** | § | |

| | |
|---|---|
| **CENTURY SURETY COMPANY** | § |
| **Plaintiff,** | § |
| | § |
| **vs.** | § |
| | § |
| **DANIEL B. GHILAIN; LEEANNE** | § |
| **GHILAIN; et al.** | § |
| **Defendants.** | § |

## PLAINTIFF CENTURY SURETY COMPANY'S
## MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Century Surety Company (hereinafter referred to as Plaintiff or "Century") asks the Court to render final summary judgment against Defendants Daniel B. Ghilain and LeeAnne Ghilain, (collectively the "Ghilains") and/or Essex Insurance Company ("Essex") as authorized by Federal Rule of Civil Procedure 56.

### A. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

1.    Plaintiff is Century Surety Company; Defendants are Daniel B. Ghilain, LeeAnne Ghilain and Essex Insurance Company (collectively "Defendants").

2.    On September 28, 2004, Plaintiff brought this declaratory judgment action against Defendants under Cause No. B-04-172 regarding Century's duties of defense and indemnity

under a liability policy in a lawsuit entitled *Judy Lemmons v. Daniel B. Ghilain and LeeAnne Ghilain*, Cause No. 2004-01-00536E, in the 357th Judicial District Court of Cameron County, Texas (hereinafter referred to as "Underlying Lawsuit"). The Underlying Lawsuit stems from defamatory statements allegedly made by the Ghilains about Judy Lemmons ("Lemmons").

3. In a similar coverage action regarding the same Underlying Lawsuit, Essex Insurance Company filed a declaratory judgment action against Amberjack's Bar & Grill, Inc. and Danny Ghilain Trust in Cause No. B-04-79.

4. On January 13, 2005, the Court ordered Cause No. B-04-172 consolidated with Cause No. B-04-79 and all additional pleadings styled as Cause No. B-04-79.

5. Century files this Motion for Summary Judgment because Century has no duty to defend or indemnify Daniel B. Ghilain or LeeAnne Ghilain against the allegations in the Underlying Lawsuit. Alternatively, if it is determined that Century owes a duty of defense or indemnity to Daniel B. Ghilain or LeeAnne Ghilain, the same duties are owed by Essex Insurance Company.

6. Essex has also filed a Motion for Summary Judgment.

7. Century is currently defending the Ghilains in the Underlying Lawsuit subject to a reservation of rights. Essex has refused to provide defense benefits to the Ghilains.

### B. STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

- Whether Century owes a duty of defense or indemnity to Daniel B. Ghilain or LeeAnne Ghilain in the Underlying Lawsuit; and

- Whether Essex Insurance Company owes a duty of defense or indemnity to Daniel B. Ghilain or LeeAnne Ghilain in the Underlying Lawsuit.

2

## C. SUMMARY JUDGMENT EVIDENCE

8.      Century relies upon the pleadings and discovery, if any, on file with this Court and the following as support for its Motion for Summary Judgment.  Each exhibit is incorporated by reference as if set out in full herein:

| EXHIBIT A | Plaintiff's Second Amended Petition filed in the case styled *Judy Lemmons v. Daniel B. Ghilain and LeeAnne Ghilain*, Cause No. 2004-01-00536E in the 357th Judicial District Court, Cameron County, Texas. |
|---|---|
| EXHIBIT B | Policy Number CCP 249319 issued by Century to Amberjacks Bar & Grill, Inc. dba Amberjacks Bar & Grill that was in effect from March 4, 2003 to March 4, 2004. |
| EXHIBIT C | Affidavit of Robin Leibrock, authenticating Exhibit B. |
| EXHIBIT D | Affidavit of Wm. David Farmer authenticating Exhibit A. |

9.      Also attached hereto as Exhibit B-1 is the Employment-Related Practices Exclusion, Form CG 21 47 07 98, which is an excerpt from Exhibit B.  The exclusion is attached as a separate exhibit for ease of reference by the Court.

## D. SUMMARY OF ARGUMENTS

- Century has no duty to defend or indemnify Daniel B. Ghilain or LeeAnne Ghilain against the allegations in the Underlying Lawsuit because neither Daniel B. Ghilain nor LeeAnne Ghilain are insureds under the Policy.

- Century has no duty to defend or indemnify Daniel B. Ghilain or LeeAnne Ghilain against the allegations in the Underlying Lawsuit because the Employment-Related Practices Exclusion applies.

- Century has no duty to defend or indemnify Daniel B. Ghilain or LeeAnne Ghilain against the allegations in the Underlying Lawsuit because the Prior Publication Exclusion applies.

- If the Employment-Related Practices Exclusion does not apply, Essex Insurance Company owes a duty of defense and indemnity to Daniel B. Ghilain and LeeAnne Ghilain against the allegations in the Underlying Lawsuit.

## E. THE UNDERLYING LAWSUIT

10.    The Plaintiff's Second Amended Petition in the Underlying Lawsuit includes the following potentially relevant allegations:

2.    Plaintiff would show that after termination of her employment with Amberjacks Bar and Grill, Inc. mid-January 2003, Defendants Ghilain began stating to third parties that Plaintiff has "embezzled quite a lot of money to the tune of $200,000.00 from Amberjacks". These statements (in various forms) were made to numerous individuals, the sum total of which Plaintiff is unaware.    Plaintiff would allege that slanderous statements known by Plaintiff and made by the Defendants as follows:

a.    Defendant Daniel B. Ghilain published a statement "that criminal charges were going to be filed against Judy Lemmons because of her embezzlement from Amberjacks". This statement was made on or about January 29th 2003.

b.    Defendant LeeAnne Ghilain published a statement to a third person "that the rumor was true that Judy Lemmons had taken $200,000.00 dollars". This statement was published on or about the first part of March 2003, in Cameron County Texas.

c.    Defendant LeeAnne Ghilain published a statement to a third person "that the rumor was true and she was shocked at how much Judy stole". This statement was published on or about April 10th 2004, in Cameron County, Texas. . . .

******

5.    . . . Plaintiff was the in-house bookkeeper and maintained the accounts payables, accounts receivable, marketing, payroll and group sales for the partnership, Amberjacks Bar and Grill, Inc.

See Exhibit A, paragraphs 2 and 5.


## F. THE POLICIES

11.    Century issued a commercial lines policy to Amberjacks Bar & Grill, Inc. dba Amberjacks Bar & Grill that was in effect from March 4, 2003 to March 4, 2004 (Policy Number CCP 249319, hereafter the "Policy").  See Exhibit B.

12.    The Policy issued by Century includes **SECTION II – WHO IS AN INSURED**

as follows:

## SECTION II – WHO IS AN INSURED

1.    If you are designated in the Declaration as:

d.    An organization other than a partnership, joint venture, or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2.    Each of the following is also an insured:

a.    Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

See Exhibit B, CGL Coverage Form CG 00 01 10 01, page 9.

13.    The Policy issued by Century is endorsed with an Employment-Related Practices Exclusion. The Employment-Related Practices Exclusion in the Policy provides as follows:

## EMPLOYMENT-RELATED PRACTICES EXCLUSION

B.    The following exclusion is added to Paragraph 2., **Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**

This insurance does not apply to:

"Personal and advertising injury" to:

(1) A person arising out of any:

(c) Employment-related practices, policies, acts or omissions, such as . . . defamation, . . . .

This exclusion applies:

5

(1) Whether the insured may be liable as an employer or in any other capacity; . . . .

See Exhibit B and Exhibit B-1, Form CG 21 47 07 98.

14.　The Policy issued by Century also includes a provision that excludes coverage for personal injury related to defamation when the defamatory statements are first published prior to the inception of the policy. The "Prior Publication" Exclusion in the Policy provides as follows:

> This insurance does not apply to:
>
> **Material Published Prior To Policy Period**
>
> "Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

See Exhibit B, CGL Coverage Form CG 00 01 10 01, page 6.

15.　Essex Insurance Company issued Policy No. 3CD8594 (the "Essex Policy") to Amberjack's Bar & Grill, Inc. and Danny Ghilan [*sic*] Trust covering the period from March 4, 2002 to March 4, 2003, the time period immediately preceding the Century Policy. See Exhibit A to Essex Insurance Company's Motion for Summary Judgment filed in this case on November 24, 2004, which is incorporated by reference as if set out in full herein.

16.　The Essex Policy included an employment-related practices exclusion that is identical to the employment-related practices exclusion in the Policy issued by Century.

## G. STANDARD OF REVIEW

17.　Summary judgment is proper when the pleadings and evidence on file, along with affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c).

18.　Texas follows the "Eight Corners Rule" in determining an insurer's duty to defend, which limits the analysis to the pleadings and the insurance policy, without reference to

6

extrinsic evidence.  *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002); *National Union Fire Insurance Company v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997).

19.    The duty to defend arises when a third-party sues the insured on allegations that, if taken as true, potentially state a cause of action within the terms of the policy.  See *National Union* at 141.  On the other hand, if under the facts alleged there is a prima facie showing that the claim is not covered under the policy, the insurer has no duty to defend.  See *American Guarantee and Liability Insurance Company v. Shel-Ray Underwriters, Inc.*, 844 F.Supp. 325, 329 (S.D. Texas, Houston Division 1993) (internal citation omitted); and *Houston Petroleum Co. v. Highlands Ins. Co.*, 830 S.W.2d 153, 155 (Tex.App.-Houston [1st Dist.] 1990, *writ denied*).  Stated another way, if the petition alleges only facts excluded by the policy, the insurer is not required to defend.  *National Union*, 939 S.W.2d at 141.

20.    If the same reasons that negate the duty to defend negate any possibility the insurer will ever have to indemnify the insured, the duty of indemnity can be determined based solely upon the Plaintiff's pleadings.  *Farmers Texas County Mutual Ins. Co. v. Griffin*, 955 S.W.2d 81 (Tex. 1997).

## H. <u>ARGUMENTS AND AUTHORITIES</u>

**Century has no duty to defend or indemnify Daniel B. Ghilain or LeeAnne Ghilain against the allegations in the Underlying Lawsuit because neither Daniel B. Ghilain nor LeeAnne Ghilain are insureds under the Policy.**

21.    The Policy names Amberjacks Bar & Grill, Inc. dba Amberjacks Bar & Grill as the named insured.  See Exhibit B, Declarations Page.  The Ghilains are not "named insureds" under the Policy.  See Exhibit B.

22.    If the Ghilains qualify as insureds under the Policy, it is either as executive officers (and then only with respect to their duties as executive officers or directors for Amberjacks), as stockholders (but only with respect to their liability as stockholders), or as employees (and then only for acts within the scope of their employment while performing duties related to the conduct of Amberjack's business).    See Exhibit B, CGL Coverage Form CG 00 01 10 01, page 9.

23.    There are no specific allegations in the petition filed in the Underlying Lawsuit regarding the relationship between the Ghilains and Amberjacks. See Exhibit A.

24.    There are no allegations in Plaintiff's Second Amended Petition that the Ghilains were officers or directors of Amberjacks. See Exhibit A.  Further, there are no allegations that the statements made by the Ghilains were made with respect to their duties as officers or directors of Amberjacks.  See Exhibit A.  Therefore, pursuant to the Eight Corners Rule, the Ghilains are not insureds under the Policy as "officers" or "directors" of Amberjacks.  Courts cannot read facts into a pleading or imagine fictional scenarios to trigger coverage. *National Union*, 939 S.W.2d at 142 and *Trinity Universal Ins. Co. v. Lowan*, 945 S.W.2d 819, 821 (Tex. 1997).

25.    There are no allegations in Plaintiff's Second Amended Petition that the Ghilains were stockholders of Amberjacks. See Exhibit A.  Further, there are no allegations that the statements made by the Ghilains were made with respect to their liability as stockholders of Amberjacks. See Exhibit A.  Therefore, pursuant to the Eight Corners Rule, the Ghilains are not insureds under the Policy as "stockholders" of Amberjacks.

26.    There are no allegations in Plaintiff's Second Amended Petition that the Ghilains were employees of Amberjacks.  See Exhibit A.  Further, there are no allegations that the

statements made by the Ghilains were made in furtherance of Amberjack's business.   See Exhibit A.  Therefore, pursuant to the Eight Corners Rule, the Ghilains are not insureds under the Policy as "employees" of Amberjacks.

27.     The statements allegedly made by the Ghilains about Lemmons were not made as part of the Ghilains' duties as officers or directors, as stockholders, or as employees of the named insured.  Therefore, the Ghilains are not insureds under the Policy with respect to the claims asserted by Lemmons in the Underlying Lawsuit.

**Century has no duty to defend or indemnify Daniel B. Ghilain or LeeAnne Ghilain against the allegations in the Underlying Lawsuit because the Employment-Related Practices Exclusion applies.**

28.     Even if the Ghilains qualify as insureds under the Policy, at least two policy exclusions are triggered by the petition filed in the Underlying Lawsuit.

29.     The Employment-Related Practices Exclusion provides there is no coverage under the Policy for personal and advertising injury which arises out of employment related practices, such as defamation.  See Exhibits B and B-1, Form CG 21 47 07 98.

30.     Under Texas law, the Employment-Related Practices Exclusion expresses the intent of the parties and is not ambiguous.  See *Waffle House, Inc. v. Travelers Indem. Co. of Illinois*, 114 S.W.3d 601, 607 (Tex.App. – Ft. Worth 2003, *review denied*).

31.     The Court stated application of the exclusion depended upon whether defamatory remarks made by the Waffle House executives arose out of a former employee's termination from Waffle House.  See *Id.* at 608.  Relying on the Texas Supreme Court's interpretation of the phrase "arising out of," the Fort Worth Court of Appeals focused on whether there was a causal

9

connection or relation between the defamatory statements and the former employee's employment. See *Id.*[1]

32.    In a case factually similar to the present case, the United States District Court for the Southern District of Texas, addressed the Employment-Related Practices Exclusion. See *Potomac Ins. Co. v. Peppers*, 890 F.Supp. 634 (S.D. Tex. [Houston Division] 1995). The Court concluded the Employment-Related Practices Exclusion applied to a defamation claim asserted by and against individuals that were officers, directors or employees of the insured. The Court determined there was no coverage because the allegations of defamation were deemed to be related to employment practices. See *Id.* at 644-645. The allegations in the petition were based upon alleged defamation that arose out of the claimants' respective positions with Revenue Properties, Inc. (a named insured). Thus, the allegations were related to the employment practices of Revenue Properties, Inc. and were, therefore, subject to the policy's employment practices exclusion.

33.    In the Underlying Lawsuit that is the subject matter of this coverage action, Lemmons' claims of defamation stem from statements made by the Ghilains to the effect that Lemmons' embezzled money from Amberjacks' Bar and Grill (the named insured) when she worked as its bookkeeper. Therefore, Lemmons' claim is one for personal injury arising out of employment-related defamation. As such, it clearly falls within the employment-related practices exclusion.

34.    The Fifth Circuit has stated "the exclusion broadly covers virtually any claim arising out of the employment relationship". See *Old Republic Ins. Co. v. Comprehensive Health Care Associates, Inc.*, 2 F.3d. 105 (5th Cir. 1993).

---

[1]    Applying this test, the Court concluded there was no causal relationship because the context of the statements showed that they arose out of Waffle House's attempt to prevent employees from leaving the company

35.     The critical issue in determining the applicability of the Employment-Related Practices Exclusion is the meaning of the phrase "arising out of." The Texas Supreme Court has stated the phrase "arising out of" should be broadly construed. See *Utica Nat'l Ins. Co. v. Am. Indem. Co.*, 141 S.W.3d 198, (Tex. 2004); and *Mid-Century Ins. Co. v. Lindsey*, 997 S.W.2d 153, 156 (Tex. 1999).

36.     In *Lindsey*, the Court addressed the phrase "arise out of" in the context of an automobile policy and stated there must be a causal connection or relation between the accident or injury and the use of the motor vehicle for the accident to arise out of use of a vehicle. See *Lindsey* at 156. The Supreme Court's decision in *Lindsey* demonstrates that the phrase "arising out of" requires a very loose connection. In *Lindsey*, a boy climbed through the back window of a locked, stationary pickup in order to retrieve his clothes. As he was maneuvering through the window, he accidentally pulled the trigger of a loaded gun, and Lindsey, who was in a car parked next to the pickup, was wounded. The Court, however, held that Lindsey's injury "arose out of" the use of the truck as a matter of law. See *Id.*

37.     In *State Farm Lloyds Ins. Co. v. Maldonado*, the Fourth Court of Appeals applied the "arising out of" language. Maldonado, a bookkeeper, sued her former employer for defamation based on statements accusing her of being a thief and a prostitute. See *State Farm Lloyds Ins. Co. v. Maldonado*, 935 S.W.2d 805, 809 (Tex.App. – San Antonio 1996), affirmed in part, reversed in part by *State Farm Lloyds Ins. Co. v. Maldonado*, 963 S.W.2d 38 (Tex. 1998). The Court held that the allegation that Maldonado was a thief was directly related to her position as bookkeeper. See *Id.* at 811.

---

and not out of the employee's termination.

38.     The United States District Court for the Northern District of Texas addressed the exclusion in a coverage dispute which stemmed from a lawsuit filed by a physician after receiving a negative peer review. The Court found that the exclusion applies to persons who apply for employment, current employees, and former employees who allege defamation occurring during employment related practices. See *Travelers Indem. Co. of Connecticut v. Presbyterian Healthcare Resources*, 2004 WL 389090 (N.D. Tex. 2004).[2]

39.     The determinative issue for this Court regarding the Employment-Related Practices Exclusion is whether there is a causal connection or relation between the defamatory statements by the Ghilains and Lemmon's employment with Amberjacks. The facts in Plaintiff's Second Amended Petition are clear, Lemmons was an in-house bookkeeper and maintained the accounts payable, accounts receivable, marketing, payroll and group sales for Amberjacks. See Exhibit A. It is also clear that the alleged defamatory remarks by the Ghilains related to the time when Lemmons was the bookkeeper because the allegations are that Lemmons "embezzled quite a lot of money from Amberjacks." See Exhibit A. There is no reasonable interpretation or construction of the Second Amended Petition other than to conclude the defamatory statements were related to Lemmon's employment with the named insured. These defamatory statements fall within the Employment-Related Practices Exclusion as interpreted and applied by the Texas Courts because Lemmons seeks to recover for personal injury arising out of employment-related defamation.

40.     In the unlikely event, this Court determines as a matter of law the Ghilains are insureds under the Policy, it <u>must</u> be because the Ghilains were acting in the furtherance of Amberjack's business when the alleged defamatory statements were made; otherwise, they do

---

[2]     The Court found there is no requirement that the injured party be an employee because the exclusion does not use the word "employee," rather it uses the term "person."

not qualify as insureds. If this court determines the Ghilains are insureds in connection with the claims asserted in the Underlying Lawsuit, it must follow that the Employment-Related Practices Exclusion applies to preclude a defense or indemnity obligation to the Ghilains because the alleged defamatory statements were employment related.

**Century has no duty to defend or indemnify Daniel B. Ghilain or LeeAnne Ghilain against the allegations in the Underlying Lawsuit because the Prior Publication Exclusion applies.**

41.     The Prior Publication Exclusion in the Policy provides the insurance does not apply to "personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the policy period. See Exhibit B.

42.     In a case with similar facts to the present case, an underlying lawsuit contained allegations which first occurred prior to the policy period. See *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F.Supp.2d 704 (S.D. Tex [Houston Division] 2001). The issue addressed by the Court was whether the content forming the basis of the underlying complaint was "first published before the beginning of the policy period." See *Id.* at 714. The *Matagorda* Court focused on the purpose of the exclusion - to prevent an insured from obtaining coverage for risks already known to the insured, and the purpose of liability insurance - to protect insureds against unknown risks.[3] The Court stated that an insured cannot insure against something that has already begun and which is known to have begun and the Court held that all the causes of action arose from information published prior to the policy period. See *Id.* The United States District Court for the Southern District of Texas stated that the underlying pleadings were clear, and that the alleged harm stemmed from written materials first published before the beginning of the policy period, thereby precluding a defense obligation. See *Matagorda* at 714.[4]

---

[3]     See *Two Pesos, Inc. v. Gulf Ins. Co.*, 901 S.W.2d 495, 502 (Tex.App. – Houston [14th Dist.] 1995, *no writ*).

[4]     See also *Finger Furniture Company, Inc. v. Travelers Indemnity Comp. of Connecticut*, 2002 WL 3213755 (S.D. Tex. 2002).

13

43.    The determinative issue for this Court is whether Lemmon's claims arose from defamatory remarks before the beginning of the policy period.  Plaintiff's Second Amended Petition states the Ghilains began making defamatory statements to third parties in January 2003.  See Exhibit A, paragraph 2.

44.    Century first insured Amberjacks on March 4, 2003.  See Exhibit B, Declarations Page.  The alleged defamatory remarks after the inception of the Century Policy merely were a continuance of the harm which resulted from the statements published before the beginning of the policy period regarding the embezzlement from Amberjacks by Lemmons.  Therefore, the Prior Publication Exclusion is triggered and no duty of defense or indemnity is owed by Century.

**If the Employment-Related Practices Exclusion does not apply, Essex Insurance Company has the duty to defend and indemnify Daniel B. Ghilain and LeeAnne Ghilain against the allegations in the Underlying Lawsuit.**

44.    Essex Insurance Company provided liability insurance coverage to Amberjack's Bar & Grill, Inc. and Danny Ghilan [*sic*] Trust covering the period from March 4, 2002 to March 4, 2003, the time period immediately preceding the Century Policy.  See Exhibit A to Essex Insurance Company's Motion for Summary Judgment filed in this case on November 24, 2004, which is incorporated by reference as if set out in full herein.

45.    If the Employment-Related Practices Exclusion is not applicable, Essex Insurance Company is the insurance carrier who should be providing defense and indemnity benefits to the Ghilains because the alleged defamatory statements were first published in January of 2003, during the Essex policy period.  See Exhibit A.

## I.  CONCLUSION

To summarize, Century does not owe a duty of defense or indemnity to the Ghilains because:

(a)    They are not insureds under the Policy;

(b)    If they are insureds, the employment-related practices exclusion applies; and

(c)    The prior publication exclusion applies.

In the unlikely event this Court determines that Century owes a duty of defense or indemnity to the Ghilains, Essex Insurance Company also owes a duty of defense because its denial was based upon an identical employment-related practices exclusion.

## J. PRAYER FOR RELIEF

Based on the foregoing, Plaintiff Century Surety Company respectfully requests that the Court enter summary judgment in its favor against Daniel B. Ghilain and LeeAnne Ghilain, declaring that Century has no duty to defend Daniel B. Ghilain or LeeAnne Ghilain in the Underlying Lawsuit entitled *Judy Lemmons v. Daniel B. Ghilain and LeeAnne Ghilain*, currently pending in the 357th Judicial District Court in Cameron County, Texas, Cause No. 2004-01-00536-E. Further, Plaintiff Century Surety Company respectfully requests that the Court enter summary judgment in its favor against Daniel B. Ghilain and LeeAnne Ghilain, declaring that Century has no duty to indemnify Daniel B. Ghilain and LeeAnne Ghilain in the Underlying Lawsuit entitled *Judy Lemmons v. Daniel B. Ghilain and LeeAnne Ghilain*, currently pending in the 357th Judicial District Court in Cameron County, Texas, Cause No. 2004-01-00536-E. Alternatively, Century Surety Company respectfully requests the Court enter summary judgment in its favor against Essex Insurance Company, finding that Essex Insurance Company has a duty to defend and/or indemnify Daniel B. Ghilain and LeeAnne Ghilain in the Underlying Lawsuit entitled *Judy Lemmons v. Daniel B. Ghilain and LeeAnne Ghilain*, currently pending in the 357th Judicial District Court in Cameron County, Texas, Cause No. 2004-01-00536-E.

Summary Judgment.doc

Century respectfully requests that the Court grant it all other and further relief, both special and general, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

CURNEY, GARCIA, FARMER,
  PICKERING & HOUSE, P.C.
411 Heimer Road
San Antonio, Texas  78232-4854
(210) 377-1990 (telephone)
(210) 377-1065 (facsimile)

**Wm. David Farmer**
State Bar No. 06826470

*Attorney for Century Surety Company*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on the following by hand delivery, facsimile, and/or certified mail, return receipt requested, on the 1st day of March, 2005:

| *Via CMRRR #7004 2510 0002 8794 6917*<br>Mary Lou Mauro<br>James M. Tompkins<br>Galloway, Johnson, Tompkins,<br>  Burr & Smith<br>3555 Timmons Lane, Suite 1225<br>Houston, Texas  77027<br>*Attorneys for Plaintiff Essex*<br>*Insurance Company* | *Via CMRRR #7004 2510 0002 8794 6924*<br>Jeffrey D. Roerig<br>Roerig, Oliveira, & Fisher, L.L.P.<br>855 W. Price Road, Suite 9<br>Brownsville, Texas  78520<br>*Attorney for Defendants Daniel B. Ghilain,*<br>*LeeAnne Ghilain, Amberjack's Bar & Grill,*<br>*and Danny Ghilain Trust* |
| --- | --- |

**Wm. David Farmer**

16