United States District Court
Southern District of Texas
FILED

APR 2 5 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ESSEX INSURANCE CO., <br> Plaintiff, | § <br> § <br> § | |
| vs. | § | CIVIL ACTION NO. B-04-79 |
| | § | |
| AMBERJACK'S BAR & GRILL, et al. <br> Defendants. | § <br> § <br> § | |
| | | |
| CENTURY SURETY COMPANY <br> Plaintiff, | § <br> § <br> § | |
| vs. | § <br> § | |
| DANIEL B. GHILAIN; LEEANNE <br> GHILAIN; et al. <br> Defendants. | § <br> § <br> § | |

**PLAINTIFF CENTURY SURETY COMPANY'S RESPONSE TO
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now Century Surety Company (hereinafter referred to as "Plaintiff" or "Century") and files this Response to Danny Ghilain and LeeAnne Ghilain's Motion for Summary Judgment (the document filed by Danny Ghilain and LeeAnne Ghilain is entitled "Defendants' Motion for Summary Judgment" and is referred to as "Defendants' Motion for Summary Judgment" in this Response). Century files this Response to Defendants' Motion for Summary Judgment even though this Response may not be necessary as Century has previously addressed most of the arguments raised by Defendants in Century's previous Motion for Summary Judgment on file in this case.

## A. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

1. Plaintiff is Century Surety Company; Defendants are Daniel B. Ghilain, LeeAnne Ghilain and Essex Insurance Company.

2. On September 28, 2004, Plaintiff brought this declaratory judgment action against Daniel B. Ghilain, LeeAnne Ghilain and Essex Insurance Company under Cause No. B-04-172 regarding Century's duties of defense and indemnity under a liability policy in a lawsuit entitled *Judy Lemmons v. Daniel B. Ghilain and LeeAnne Ghilain*, Cause No. 2004-01-00536E, in the 357th Judicial District Court of Cameron County, Texas (hereinafter referred to as "Underlying Lawsuit"). The Underlying Lawsuit stems from defamatory statements allegedly made by the Ghilains about Judy Lemmons ("Lemmons").

3. In a similar coverage action regarding the same Underlying Lawsuit, Essex Insurance Company filed a declaratory judgment action against Amberjack's Bar & Grill, Inc. and Danny Ghilain Trust in Cause No. B-04-79.

4. On January 13, 2005, the Court ordered Cause No. B-04-172 consolidated with Cause No. B-04-79 and all additional pleadings styled as Cause No. B-04-79.

5. Century filed their Motion for Summary Judgment ("Century's Motion for Summary Judgment") on March 1, 2005 because Century has no duty to defend or indemnify Daniel B. Ghilain or LeeAnne Ghilain (collectively referred to as the "Ghilains") against the allegations in the Underlying Lawsuit. Alternatively, if Century owes a duty of defense or indemnity to the Ghilains, the same duties are owed by Essex Insurance Company.

6. Essex Insurance Company has also filed a Motion for Summary Judgment.

7. The Ghilains have filed two Motions for Summary Judgment. First, on or about December 9, 2004, the Ghilains filed a Motion for Summary Judgment against Essex Insurance

Company arguing Essex has a duty to defend the Ghilains against the allegations in the Underlying Lawsuit. Next, on or about March 4, 2005, the Ghilains filed a Motion for Summary Judgment arguing Century has a duty to defend LeeAnne Ghilain against the allegations in the Underlying Lawsuit.[1]

8.  Century is currently defending the Ghilains in the Underlying Lawsuit subject to a reservation of rights. Essex has refused to provide defense benefits to the Ghilains.

### B. STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

- Whether Century owes a duty of defense to LeeAnne Ghilain in the Underlying Lawsuit.

### C. OBJECTIONS TO DEFENDANTS' SUMMARY JUDGMENT EVIDENCE

Century objects to Exhibit E from Defendants' Motion for Summary Judgment. Century objects to Exhibit E as this Court is bound to follow the Eight Corners Rule in determining whether Century has a duty to defend LeeAnne Ghilain. As such, this Court is limited to a review of the Policy and the Pleadings from the Underlying Lawsuit in determining Century's duties to LeeAnne Ghilain. Therefore, the Court should not consider Exhibit E in its analysis of Century's duty to defend because the Exhibit is inappropriate extrinsic evidence.

### D. SUMMARY JUDGMENT EVIDENCE

9.  Century relies upon Exhibit A through Exhibit D from Century's Motion for Summary Judgment, the pleadings and discovery, if any, on file with this Court as support for this Response to Defendants' Motion for Summary Judgment.[2]

---

[1] The Ghilain Defendants are only seeking Summary Judgment as to the duty of defense owed to LeeAnne Ghilain in their Motion for Summary Judgment which was filed on March 4, 2005 against Century Surety Company.

[2] Attached to the Judge's copy of this response is a true and correct copy of Century's Motion for Summary Judgment. This is attached for the Judge's convenience as Century's Motion for Summary Judgment and the Exhibits thereto has already been filed with the Court and is part of the record in this case.

10.  In support of this Response to Defendants' Motion for Summary Judgment, Century incorporates by reference, as if set out in full herein, Century's Motion for Summary Judgment, along with all Exhibits from Century's Motion for Summary Judgment.

### E. SUMMARY OF ARGUMENTS

- LeeAnne Ghilain alleges the Pleadings from the Underlying Lawsuit are sufficient to provide the alleged slanderous statements were made in LeeAnne Ghilain's capacity as a stockholder. Century disagrees.

- LeeAnne Ghilain alleges the Employment-Related Practices Exclusion does not apply. Century disagrees.

- LeeAnne Ghilain alleges the Prior Publication Exclusion does not apply. Century disagrees.

### F. STANDARD OF REVIEW

11.  Summary judgment is proper when the pleadings and evidence on file, along with affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c).

12.  Texas follows the "Eight Corners Rule" in determining an insurer's duty to defend, which limits the analysis to the pleadings and the insurance policy, without reference to extrinsic evidence. *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002; *National Union Fire Insurance Company v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997.

13.  The duty to defend arises when a third-party sues the insured on allegations that, if taken as true, potentially state a cause of action within the terms of the policy. See *National Union* at 141. On the other hand, if under the facts alleged there is a prima facie showing that the claim is not covered under the policy, the insurer has no duty to defend. See *American Guarantee and Liability Insurance Company v. Shel-Ray Underwriters, Inc.*, 844 F.Supp. 325, 329 (S.D. Texas, Houston Division 1993 (internal citation omitted); and *Houston Petroleum Co.*

*v. Highlands Ins. Co.*, 830 S.W.2d 153, 155 (Tex.App.-Houston [1st Dist.] 1990, *writ denied.* Stated another way, if the petition alleges only facts excluded by the policy, the insurer is not required to defend. *National Union*, 939 S.W.2d at 141.

### G. ARGUMENTS AND AUTHORITIES

**LeeAnne Ghilain alleges the Pleadings from the Underlying Lawsuit are sufficient to provide the alleged slanderous statements were made in LeeAnne Ghilain's capacity as a stockholder. Century disagrees.**

14. Century has briefed this issue extensively in Century's Motion for Summary Judgment. Century incorporates by reference the entirety of Century's Motion for Summary Judgment in opposition to the contention of LeeAnne Ghilain that the Pleadings from the Underlying Lawsuit are sufficient to provide the alleged slanderous statements were made in LeeAnne Ghilain's capacity as a stockholder.

15. The Ghilain Defendants' Motion for Summary Judgment alleges the live pleadings are sufficient to provide that LeeAnne Ghilain made the alleged defamatory statements in her capacity as a stockholder.

16. Century disagrees as that there are no allegations in Plaintiff's Second Amended Petition from the Underlying Lawsuit which state the defamatory statements were made in LeeAnne Ghilain's capacity as a stockholder. See Exhibit 1 to Century's Motion for Summary Judgment.

17. While it may be true that LeeAnne Ghilain was a stockholder of the named insured, this is not enough to bring the allegations within the purview of the Policy. The Policy issued by Century provides:

**SECTION II – WHO IS AN INSURED** as follows:

    **SECTION II – WHO IS AN INSURED**

        1.    If you are designated in the Declaration as:

    d. An organization other than a partnership, joint venture, or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

See Exhibit B, CGL Coverage Form CG 00 01 10 01, page 9 of Century's Motion for Summary Judgment.

  18. The Defendants are correct in that the correct legal standard is that any doubt as to whether the allegations in the Complaint state a claim that is covered by the policy, such doubt is to be resolved in favor of the insured. However, there are no allegations in the Underlying Lawsuit which state the defamatory statements were made in LeeAnne Ghilain's capacity as a stockholder and with respect to her liability as a stockholder. Further, Defendants may be correct in stating that the Ghilains were the owners of the insured corporation when they uttered the defamatory remarks. However, this does not make LeeAnne Ghilain an insured for all purposes, but only if the statements were made with respect to her liability as a stockholder.

**LeeAnne Ghilain alleges the Employment-Related Practices Exclusion does not apply. Century disagrees.**

  19. Century has briefed this issue extensively in Century's Motion for Summary Judgment. Century incorporates by reference the entirety of Century's Motion for Summary Judgment in opposition to the contention of LeeAnne Ghilain that the Employment-Related Practices Exclusion does not apply.

**LeeAnne Ghilain alleges the Prior Publication Exclusion does not apply. Century disagrees.**

  20. Century has briefed this issue extensively in Century's Motion for Summary Judgment. Century incorporates by reference the entirety of Century's Motion for Summary Judgment in opposition to the contention of LeeAnne Ghilain that the Prior Publication Exclusion does not apply.

21. The Ghilain Defendants misinterpret and misapply Texas law in their Motion for Summary Judgment at paragraph D. The Ghilain Defendants claim that Century (and Essex) are required to defend "as long as one claim or allegation in the pleadings is 'potentially' covered by the insurance policy...."[3] In support of this argument, the Ghilain Defendants claim that a jury could potentially conclude that some of the alleged defamatory statements were made, and others were not. The problem with the Ghilain Defendants' argument is that it ignores the eight-corners rule and the relevant substantive law which provides that an insurance carrier is to accept all allegations in the Petition as true for the purpose of evaluating the defense obligation. *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22 (Tex. 1965). The Ghilain Defendants are asking this Court to consider what a jury may or may not do with respect to the facts alleged in the Petition. The Ghilain Defendants improperly attempt to interject the truth or falsity of the underlying allegations into the dispute regarding whether defense is owed. Century urges this Court to ignore the Ghilain Defendants' attempts to circumvent well established Texas law by asking this Court to consider the potential outcome of the liability issues when deciding the defense duties.

## H. CONCLUSION

To summarize, Century does not owe a duty of defense to LeeAnne Ghilain because:

(a) LeeAnne Ghilain is not an insured under the Policy;

(b) If LeeAnne Ghilain is an insured, the Employment-Related Practices Exclusion applies; and

(c) The Prior Publication Exclusion applies.

---

[3] The Ghilain Defendants cited *Potomac Ins. Co. v. Peppers*, 890 F.Supp. 634 (S.D. Texas, Houston Division 1995); and *Heyden Newport Chem. Corp. v. Southern Gen. Ins. Co.*, 387 S.W.2d 22 (Tex. 1965) for this proposition in their brief.

## I. PRAYER FOR RELIEF

Based on the foregoing, Plaintiff Century Surety Company respectfully requests the Court deny Defendants' Motion for Summary Judgment and award Century all other and further relief, both special and general, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

CURNEY, GARCIA, FARMER,
 PICKERING & HOUSE, P.C.
411 Heimer Road
San Antonio, Texas 78232-4854
(210) 377-1990 (telephone)
(210) 377-1065 (facsimile)

**Wm. David Farmer**
State Bar No. 06826470

*Attorney for Century Surety Company*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on the following by hand delivery, facsimile, and/or certified mail, return receipt requested, on the 21st day of April, 2005:

| *Via CMRRR #7004 2510 0002 8794 6788*<br>Mary Lou Mauro<br>James M. Tompkins<br>Galloway, Johnson, Tompkins,<br>   Burr & Smith<br>3555 Timmons Lane, Suite 1225<br>Houston, Texas 77027<br>***Attorneys for Plaintiff Essex Insurance Company*** | *Via CMRRR #7004 2510 0002 8794 6795*<br>Jeffrey D. Roerig<br>Roerig, Oliveira, & Fisher, L.L.P.<br>855 W. Price Road, Suite 9<br>Brownsville, Texas 78520<br>***Attorney for Defendants Daniel B. Ghilain, LeeAnne Ghilain, Amberjack's Bar & Grill, and Danny Ghilain Trust*** |

 

                                                        **Wm. David Farmer**