United States District Court
Southern District of Texas
FILED

MAY 2 0 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ESSEX INSURANCE CO., Plaintiff, | § § § § § | |
| vs. | § | CIVIL ACTION NO. B-04-79 |
| AMBERJACK'S BAR & GRILL, et al Defendants. | § § § § | |
| CENTURY SURETY COMPANY Plaintiff, | § § § § § | |
| vs. | § § | |
| DANIEL B. CHILAIN; LEEANNE CHILAIN; et al Defendants. | § § § | |

### PLAINTIFF, ESSEX INSURANCE COMPANY'S RESPONSE TO PLAINTIFF, CENTURY SURETY'S MOTION FOR SUMMARY JUDGMENT AND SUPPLEMENTAL RESPONSE TO DEFENDANTS'/INTERVENORS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Essex Insurance Company (hereinafter referred to as "Essex") and files its Response to Plaintiff, Century Surety Company's (hereinafter referred to as "Century") Motion for Summary Judgment and its Supplemental Response to Defendants/Intervenor's, LeeAnne Ghilain and Danny Ghilain, Motion for Summary Judgment.

## ISSUE STATEMENT

Essex generally agrees with Century's Statement of the Nature of the Proceeding and Statement of Issues to be Ruled on by the Court. Essex has no objections to Century's Summary Judgment Evidence. Essex disagrees with Century's final point in its Summary of Arguments.

Specifically, Essex agrees that the Employment-Related Practices Exclusion applies to the underlying lawsuit; Therefore, neither Essex nor Century has a duty to defend or indemnify Daniel B. Ghilain or LeeAnne Ghilain. If the Court chooses not to apply the Employment-Related Practices Exclusion, Century has a duty to defend and indemnify Daniel Ghilain and LeeAnne Ghilain against the allegations in the underlying lawsuit.

Essex has previously briefed its response to Defendants'/Intervenors' Motion for Summary Judgment and incorporates by reference the entirety of that pleading.

## THE UNDERLYING LAWSUIT

At the time Century's Motion and Defendants/Intervenors' Motion were filed, Essex did not dispute either one's description of the underlying lawsuit. However, on April 14, 2005, the underlying Court entered an Order Granting Partial Summary Judgment in favor of Defendant, LeeAnne Ghilain and an Order of Severance (attached hereto as Exhibits 1 and 2, respectively). These Orders of the Court effectively amend the Plaintiff's petition in the underlying lawsuit.[1] Specifically, the only potential claim of the underlying Plaintiff to survive the orders entered by the underlying Court on April 14, 2005, is the alleged March 2003 incident. The underlying Court describes it as the "Crittenden claim" in Exhibit 2 and defines it as follows:

---

[1] In Texas, the law is well established, that an insurer's duty to defend is determined from the allegations in the most recent petition and the language of the insurance policy, *Harken Exploration Company v. Sphere Drake Insurance, PLC* 261 F.3d 466, 471 (5th Cir. 2001) citing *Nat'l Union Fire Ins. Co. of Pittsburgh v. Merch. Fast Motor Lines, Inc.* 939 S.W.2d 139, 141 (Tex. 1997). In this case the most recent petition must include consideration of the Orders attached.

"i.e. an alleged slanderous statement about [the underlying] Plaintiff, allegedly made by Defendant LEEANNE GHILAIN to GAIL ANN CRITTENDEN as set out in Paragraph No. 3 of the AFFIDAVIT OF GAIL ANN CRITTENDEN. ...which states the following:

3. I knew that Judy Lemmons [the underlying plaintiff] left the employment of Amberjacks in January of 2003 but I did not know why, but I had heard rumors. During an evening shift I believe in March of 2003 after Judy Lemmons was no longer employed, I was speaking with LeeAnne Ghilain at the bar in Amberjacks when LeeAnne Ghilain asked me if I had heard the rumors concerning Judy Lemmons. I told her yes that I had heard rumors and then LeeAnne Ghilain stated "Judy Lemmons had embezzled money from Amberjacks to the tune of $200,000.00." That was the end of the conversation and I walked away from where LeeAnne Ghilain was seated at the bar having diner [sic]."

## SUMMARY OF ARGUMENT

In the event the Employment-Related Practices Exclusion is held not to apply to the facts of the underlying case, Century's final point alleges that Essex owes Defendants/Intervenors defense and indemnity. Century avers that the first alleged cause of action occurred during the Essex policy period, March 4, 2002 to March 4, 2003. The underlying Court has rendered the first alleged cause of action moot by its order of partial summary judgment and order of severance. The only remaining cause of action is the Crittenden claim which occurred in "March 2003" (see Exhibit 2). The Century policy period was March 4, 2003 to March 4, 2004. Therefore, if the Court chooses not to apply the Employment-Related Practices Exclusion, Century has the duty to defend and indemnify the Ghilains in the underlying suit.

## CONCLUSION

As previously briefed in Essex' Motion for Summary Judgment and Essex' Response to Defendants/Intervenors Motion for Summary Judgment, adopted and incorporated as if each was set forth fully herein, the Essex policy does not apply to the underlying case filed by Judy Lemmons against the Ghilains. The Employment-Related

Practices Exclusion precludes coverage for the acts complained of; therefore, Essex does not have a duty to defend or indemnify LeeAnne or Daniel Ghilain. If the Court chooses not to apply the Employment-Related Practices Exclusion, the Century policy applies.

                              Respectfully submitted,

                              */s/ James M. Tompkins by MLM*
                              James M. Tompkins (Attorney-in-Charge)
                              Federal I.D. No. 15800
                              State Bar No. 00785534
                              Mary Lou Mauro
                                Federal ID No. 29682
                                State Bar No. 13238520

OF COUNSEL:

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
3555 Timmons Lane, Suite 1225
Houston, Texas 77027
(713) 599-0700
(713) 599-0777 – facsimile

ATTORNEYS FOR PLAINTIFF
ESSEX INSURANCE COMPANY

## CERTIFICATE OF SERVICE

     I certify that a true and correct copy of the foregoing has been forwarded to the following known counsel of record via certified mail, return receipt requested, on this **19th day of May, 2005.**

                                                                       */s/ Mary Lou Mauro*
                                                                       Mary Lou Mauro

| | |
|---|---|
| *Via CM/RRR #7003 2260 0003 0878 0789* | *Via CMRRR#7003 0500 0004 9371 5635* |
| Mr. Jeffrey D. Roerig | Mr. Wm. David Farmer |
| ROERIG, OLIVEIRA & FISHER, LLP | CURNEY, GARCIA, FARMER, PICKERING |
| 855 W. Price Road, Suite 9 |   & HOUSE, P.C. |
| Brownsville, TX 78520 | 411 Heimer Road |
| | San Antonio, Texas 78232-4854 |