IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 3 1 2005

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ESSEX INSURANCE CO., <br> Plaintiff, <br><br> vs. <br><br> AMBERJACK'S BAR & GRILL, et al. <br> Defendants. | § <br> § <br> § <br> §    CIVIL ACTION NO. B-04-79 <br> § <br> § <br> § |
| CENTURY SURETY COMPANY <br> Plaintiff, <br><br> vs. <br><br> DANIEL B. GHILAIN; LEEANNE GHILAIN; et al. <br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § |

### CENTURY SURETY COMPANY'S REPLY TO ESSEX INSURANCE COMPANY'S RESPONSE TO CENTURY'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now Century Surety Company (hereinafter referred to as ("Century") and files this its Reply to Essex Insurance Company's Response to Century's Motion for Summary Judgment.[1]

**A.**
**EVIDENCE SHOULD NOT BE CONSIDERED ON THE DUTY TO DEFEND ISSUE**

1. Century objects to the following evidence attached to Essex Insurance Company's Response:

---

[1] Essex filed its Response to Century's Motion for Summary Judgment with its Supplemental Response to a Motion for Summary Judgment filed by LeeAnne Ghilain and Danny Ghilain in one document entitled "Plaintiff, Essex Insurance Company's Response to Plaintiff, Century Surety's Motion for Summary Judgment and Supplemental Response to Defendants'/Intervenors' Motion for Summary Judgment."

a. Order Granting Partial Summary Judgment In Favor of Defendant LeeAnne Ghilain under Cause No. 2004-01-536-E in the 357th Judicial District Court of Cameron County, Texas; and

b. Order of Severance under Cause No. 2004-01-536-E in the 357th Judicial District Court of Cameron County, Texas.

Century objects to the introduction of the evidence identified above because consideration of such evidence would be a violation of the "eight-corners rule." This rule, also known as the "complaint allegation" rule, requires the examining court to look strictly to the allegations in the pleadings and the language of the policy when determining whether a defense is owed. *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002). Essex acknowledges this is the rule in Footnote 1 in its Response, but then summarily states, without any supporting authority, that the most recent Petition "must include consideration of the Orders [granting partial summary judgment and severance]."[2]

2. There is no basis under Texas law under which an Order Granting Summary Judgment or Order Granting Severance should be considered by an insurer when determining whether it owes a duty of defense to a policyholder. In fact, consideration of such evidence is in direct contradiction to the stated law in Texas. The duty of indemnity, not defense, is determined by what facts are developed during the investigation of the claim or at trial. *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821 (Tex. 1997). By attempting to introduce evidence in an Order Granting Summary Judgment, Essex is asking this court to consider adjudicated facts. Texas law is clear – such evidence is inadmissible when determining whether an insurer owes a defense obligation. *King*, 85 S.W.2d at 187; *Cowan*, 945 S.W.2d at 821; *Fidelity & Guaranty*

---

[2] See Footnote 1 of Essex Insurance Company's Response.

*Ins. v. McManus*, 633 S.W.2d 787 (Tex. 1982); *Ensearch Corp. v. Shand Morahan & Co.*, 952 F.2d 1485, 1492 (Tex. 1992) (applying Texas law).

3. In a recent case, the Fifth Circuit recognized the Texas State Courts' "unwavering unwillingness" to apply exceptions to the eight-corners rule. *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 531 (5th Cir. 2004) (applying Texas law). The Fifth Circuit even predicted that the Texas Supreme Court will not recognize any exception to the strict eight-corners rule. *Id*.

4. The fact that certain issues have already been adjudicated does not alter an insurer's obligation under the eight-corners rule.

5. In essence, Essex is not just asking the court to review the extrinsic evidence attached to its response, but is actually asking the court to review layers of extrinsic evidence. The Order Granting Partial Summary Judgment In Favor of Defendant LeeAnne Ghilain includes references to other evidence which this court is also being asked, at least indirectly, to consider. The Orders attached to Essex Insurance Company's Response are inappropriate and objectionable because consideration of the evidence would violate the eight-corners rule. This court is being asked to consider adjudicated facts for the purposes of determining an insurer's defense obligation. This is simply impermissible under Texas law.

### B.
### ESSEX' DUTY TO DEFEND IS TRIGGERED IF CENTURY'S DUTY TO DEFEND IS TRIGGERED

6. Century continues to assert that the employment-related practices exclusion precludes coverage for the claims asserted in the underlying lawsuit. However, if the court chooses not to apply the employment-related practices exclusion, Essex' duty of defense is triggered.

7.     The underlying petition alleges that defamatory statements were made "on or about January 29, 2003," "on or about the first part of March 2003," and "on or about April 10, 2004." (Exhibit A to Century's Motion for Summary Judgment, paragraphs 2a, b, c). Clearly, defamatory statements were allegedly made during the Essex policy period which was from March 4, 2002 to March 4, 2003.

8.     Even if the court accepts Essex' position that the only relevant allegation is the one regarding the statement that was published "on or about the first part of March 2003," this allegation could obviously fall within the Essex policy period or within the Century policy period. By Essex Insurance Company's own admission, its policy did not expire until March 4, 2003. Clearly, the alleged defamatory statement could have been before the Essex policy expired.

## C.
## CONCLUSION

As previously discussed in Century's prior motions in this case, the employment-related practices exclusion precludes coverages for the acts complained of; therefore, Century does not owe a duty to defend or indemnify LeeAnne or Daniel Ghilain. If the court chooses not to apply the employment-related practices exclusion, the Essex policy is triggered, or, in the alternative, both the Essex and Century policies are triggered.

Respectfully submitted,

CURNEY, GARCIA, FARMER,
 PICKERING & HOUSE, P.C.
411 Heimer Road
San Antonio, Texas 78232-4854
(210) 377-1990 (telephone)
(210) 377-1065 (facsimile)

_____
**Wm. David Farmer**
State Bar No. 06826470

*Attorney for Century Surety Company*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on the following by hand delivery, facsimile, and/or certified mail, return receipt requested, on the 25th day of May, 2005:

| | |
|---|---|
| *Via CMRRR #7004 2890 0001 6406 2535*<br>Mary Lou Mauro<br>James M. Tompkins<br>Galloway, Johnson, Tompkins,<br> Burr & Smith<br>3555 Timmons Lane, Suite 1225<br>Houston, Texas 77027<br>*Attorneys for Plaintiff Essex Insurance Company* | *Via CMRRR #7004 2890 0001 6406 2542*<br>Jeffrey D. Roerig<br>Roerig, Oliveira, & Fisher, L.L.P.<br>855 W. Price Road, Suite 9<br>Brownsville, Texas 78520<br>*Attorney for Defendants Daniel B. Ghilain, LeeAnne Ghilain, Amberjack's Bar & Grill, and Danny Ghilain Trust* |

_____
**Wm. David Farmer**